Argued May 16, affirmed August 2, reconsideration denied
September 27, 1978, petition for review denied February 13, 1979

STATE OF OREGON, *Respondent,*

*v.*

BENJAMIN FRANKLIN SANDERS, *Appellant.*

(No. C77-04-6046, CA 9282)

582 P2d 22

Stephanie A. Smythe, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Jan P. Londahl, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee, Richardson, and Joseph, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Defendant was charged in a two count indictment with burglary in the first degree and attempted rape. He was found guilty of both charges after a trial to the court. There are three assignments of error. Defendant contends the trial court should have merged his two convictions since the state proved defendant unlawfully entered the victim's premises with the intent to commit rape. Secondly, defendant argues that there was insufficient evidence to sentence him as a dangerous offender and that the hearing he received to determine if he was a dangerous offender violated due process of law. Finally, defendant contends the trial court erred in sentencing him as a dangerous offender (ORS 161.725) as well as a sexually dangerous offender (ORS 426.675).

The evidence established that the defendant had unlawfully entered the victim's apartment and attacked her when she returned home. He attempted to have sexual intercourse with her but was subdued by a neighbor attracted by the victim's screams.

Defendant contends judgment was erroneously entered on both counts under which he was charged. He argues that *State v. Woolard,* 259 Or 232, 484 P2d 314, 485 P2d 1194 (1971), and *State v. Morales,* 21 Or App 827, 537 P2d 109, 22 Or App 470, 539 P2d 1112, *rev den* (1975), required that the court merge the two convictions into one judgment and sentence. In *State v. Cloutier,* 33 Or App 121, 575 P2d 996, *rev allowed* (1978), we held that *Woolard* must be deemed to have been overruled by ORS 131.505.[1] In *Cloutier* we

---

[1] ORS 131.505 provides:

"(1) 'Conduct' and 'offense' have the meaning provided for those terms in ORS 161.085 and 161.505.

"(2) When the same conduct or criminal episode violates two or more statutory provisions, each such violation constitutes a separate and distinct offense.

"(3) When the same conduct or criminal episode, though violating only one statutory provision, results in death, injury, loss or other

upheld the defendant's conviction for burglary and the underlying offense intended to be committed within the burglarized premises. There was no error in convicting and sentencing defendant for burglary and attempted rape.

After finding the defendant guilty of both counts in the indictment the court ordered a presentence report. The state requested a hearing to determine if the defendant was a dangerous offender pursuant to ORS 161.725(1).[2] The court appointed a psychiatrist to evaluate defendant and determine whether he came within the purview of that statute. On motion of defendant, a second psychiatrist was appointed to examine defendant for the same purpose. The court considered the psychiatrists' reports and the presentence report and sentenced defendant to a maximum term of 30 years as a dangerous offender on the burglary charge and to a term of 10 years on the attempted rape charge; the latter sentence to run concurrent to the first sentence. The court also ordered that the defendant was to be assigned by the Corrections Division to participate in the treatment program for sexually dangerous persons pursuant to ORS 426.670.

The defendant first contends the court should have required proof of his status as a dangerous offender

consequences of two or more victims, and the result is an element of the offense defined, there are as many offenses as there are victims.
"* * * * *."

[2]ORS 161.725 provides:

"The maximum term of an indeterminate sentence of imprisonment for a dangerous offender is 30 years, if the court finds that because of the dangerousness of the defendant an extended period of confined correctional treatment or custody is required for the protection of the public and if it further finds, as provided in ORS 161.735, that one or more of the following grounds exist:

"(1) The defendant is being sentenced for a Class A felony, and the court finds that he is suffering from a severe personality disorder indicating a propensity toward criminal activity.
"* * * * *."

[ 506 ]

beyond a reasonable doubt. The statute imposes no particular burden of proof and the standard of proof beyond a reasonable doubt is not required by the Oregon or Federal Constitutions.[3] In the absence of legislative directive or constitutional requirement we decline to engraft the reasonable doubt standard onto the dangerous offender statute.

■ Defendant next contends the sentencing hearing, as it related to a finding that he was a dangerous offender, violated the statute and constitutional due process because no witnesses were called by the state and he was deprived of his right to confront and cross-examine the psychiatrist who opined he was a dangerous offender. He cites *Specht v. Patterson,* 386 US 605, 87 S Ct 1209, 18 L Ed 2d 326 (1967).

In *Specht,* the Supreme Court struck down the Colorado Sex Offenders Act which provided for enhanced penalties for sexually dangerous offenders. The basis of the court's action was that the Colorado statute did not provide for notice and an opportunity for hearing where the defendant could confront and cross-examine witnesses and present evidence. The court concluded a statute, which provided for enhanced penalties based on a distinct status apart from conviction for the triggering offense, must provide minimum due process in the determination of that status. The court said:

> "* * * Due process, in other words, requires that he be present with counsel, have an opportunity to be heard, be confronted with witnesses against him, have the right to cross-examine, and to offer evidence of his own. * * *" 386 US at 610.

The Colorado statute allowed the status of sexually dangerous offender to be determined by the court from the reading of a psychiatrist's report with no opportunity for a hearing.

[3]The federal dangerous special offenders statute, 18 USC § 3575 (1976), does not require proof beyond a reasonable doubt. *See also United States v. Bowdach,* 561 F2d 1160 (5th Cir 1977), and *United States v. Stewart,* 531 F2d 326 (6th Cir), *cert den,* 426 US 922 (1976).

Unlike the Colorado Act, the Oregon statute provides for a hearing, confrontation and the right of cross-examination, ORS 161.735(5). The defendant appeared at the sentencing hearing represented by counsel who ably argued alternate dispositions to the court. Counsel made no request that the psychiatrists be summoned for cross-examination and did not object to the proceedings. Defendant received ample notice that his status as a dangerous offender would be an issue in the sentencing hearing. The orders appointing both psychiatrists specified their examination of defendant was for that purpose. Under these circumstances defendant waived the right to cross-examination provided in the statute.

Defendant contends there was not sufficient evidence to sustain the court's finding that he was a dangerous offender. ORS 161.725(1) authorizes a court to sentence a defendant to a maximum term of 30 years if

> "[t]he defendant is being sentenced for a Class A felony, and the court finds that he is suffering from a severe personality disorder indicating a propensity toward criminal activity."

Defendant was previously convicted of robbery and sexual abuse and was on probation for these offenses at the time of his conviction in this case. Both psychiatrists agreed defendant had a severe personality disorder indicating a propensity toward criminal activity. More specifically, they found the defendant had increasing sexual fantasies involving rape of females. They noted his two convictions for sex offenses involved the use of force against the female victims. They disagreed on the defendant's prognosis for treatment and whether he should be sent to a mental hospital or to prison. As we indicated in *State v. Klenk,* 19 Or App 684, 528 P2d 1092 (1974), the court is free to make its own determination as to dangerousness after reviewing the psychiatric evidence. We conclude there was sufficient evidence for the court to

make its conclusion as to the critical statutory requirement.

■ The final contention urged by defendant is that the court erred in sentencing him as both a dangerous offender (ORS 161.725) and a sexually dangerous person (ORS 426.675). He argues it is logical that the legislature intended sex offenders to be covered by the specific provisions of ORS 426.675, and not the more general provisions of ORS 161.725. This argument is based on the rule of statutory construction that a specific statute, in conflict with a more general one, is controlling. However, the two statutes are not in conflict. They are two distinct statutory approaches to two distinct problems. ORS 161.725 provides for a magnified sentence of incarceration for the dangerous offender as a means of preventing that individual from inflicting future harm. ORS 426.675 authorizes a treatment program for a sexually dangerous person during incarceration. This latter statute provides the court, upon finding a person to be sexually dangerous, may, inter alia, impose a sentence of incarceration with an order he be assigned to the special treatment program. The statute thus contemplates treatment and incarceration. The incarceration is based upon the defendant's conviction of a sexual offense and not upon his status as a sexually dangerous person.

Defendant further argues a lengthy incarceration as a dangerous offender will frustrate the treatment program to which he is assigned since following completion of the treatment he will be returned to prison to serve out his sentence. This argument must fail for three reasons.

■ ■ First, the substance of this claim of error is that we should review the sentence. Defendant was sentenced on September 12, 1977. Our scope of review of sentences imposed at that time[4] is limited to determining

---

[4]Defendant was sentenced prior to the effective date of amended ORS 138.050 (October 4, 1977) which sets forth the present scope of sentence review. *See State v. Dinkel,* 34 Or App 375, 579 P2d 245 (1978).

if the sentence was procedurally within the statutory maximum. *See State v. Dinkel,* 34 Or App 375, 384, 579 P2d 245 (1978). The sentence here imposed was, under this guideline, not unconstitutionally excessive, cruel or unusual.

■ Second, the sexually dangerous statute does not require that a person assigned to the treatment program be released when he has successfully completed the program. It is thus proper for him to be returned to the institution to complete his sentence.

■ Third, the final release date is determined by the Board of Parole, not the court. The defendant may be released by the Board of Parole upon completion of treatment without any action by the court. It is purely speculative to say a lengthy sentence will adversely affect treatment as a sexually dangerous person.

Affirmed.