Argued and submitted March 16, affirmed October 26, reconsideration denied December 4, petition for review denied December 22, 1981 (292 Or 334)

## STATE OF OREGON,
### *Respondent,*

*v.*

## WAYNE WILLIAM CARROL, aka
### Robert Lee Sachs,
### *Appellant.*

### (No. 79-11-34217, CA 18491)

635 P2d 17

David L. Slader, Portland, argued the cause and filed the brief for appellant.

Elise C. Brown, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

YOUNG, J.

Roberts, J., dissenting opinion.

## YOUNG, J.

Defendant was charged with robbery in the first degree, a class A felony. ORS 164.415. He waived jury trial and was found by the court, on stipulated facts, to be not responsible for the criminal conduct because of mental disease or defect. ORS 161.295. The court found that defendant presented a danger to himself or others and by amended order committed him to the jurisdiction of the Psychiatric Security Review Board (PSRB), .

"* * * for a period of thirty (30) years, said period being equal to the maximum sentence said defendant could have received had he been found responsible, to-wit: twenty (20) years for robbery in the first degree and ten (10) years for being a dangerous offender."

■■ The issue is whether ORS 161.725, which provides a maximum indeterminate *sentence* of 30 years for those defendants found to be dangerous offenders,. can be applied to extend the period of *commitment* to the jurisdiction of PSRB for a defendant found to be not responsible because of mental disease or defect. If extended commitment is procedurally proper, there must be sufficient evidence to support an extension of the period of jurisdiction under ORS 161.725.

When a person is found not responsible for his criminal conduct and is a danger to himself or others, the trial court may commit him to the jurisdiction of PSRB. ORS 161.327. The maximum jurisdictional period is limited by statute:

"* * * the period of jurisdiction of the board [PSRB] shall be equal to the maximum sentence the court finds the person *could have received had he been found responsible.*" ORS 161.327(1). (Emphasis added.)

In other words, the trial judge determines what the appropriate *sentence* would be for a *convicted* defendant. The trial judge has authority.to impose a maximum indeterminate sentence of 30 years if the court finds the convicted defendant to be a dangerous offender.

ORS 161.725 provides in part:

"The maximum term of an indeterminate sentence of imprisonment for a dangerous offender is 30 years, if the court finds that because of the dangerousness of the

defendant an extended period of confined correctional treatment or custody is required for the protection of the public and if it further finds, as provided in ORS 161.735, that one or more of the following grounds exist:

"(1) The defendant is being sentenced for a Class A felony, and the court finds that he is suffering from a severe personality disorder indicating a propensity toward criminal activity."

In this case, the trial judge committed defendant to the jurisdiction of PSRB for the maximum indeterminate period of 30 years.

"THE COURT: So, I find that the Defendant has committed Robbery in the First Degree for which the legislative maximum is a period of 20 years, a term to which I would have sentenced him.

"I further find that under ORS 161.725, he would — had I been imposing a sentence, he would have met the qualifications of a dangerous offender in that he has committed and would have been sentenced for a Class A felony, and that he does suffer from a severe personality disorder indicating a propensity for criminal activity at certain times of his life. And therefore, he would have been subject to an enhanced sentence up to 30 years, and I would in fact, if he had not elected to assert this defense, had I been imposing a sentence, I would have sentenced him to 30 years."

Based on ORS 161.327(1), it was proper for the trial judge to consider ORS 161.725, in determining what sentence defendant could have received "had he been found responsible." ORS 161.327(1).

■■ The next inquiry is whether the evidence supports the finding that defendant was "suffering from a severe personality disorder indicating a propensity toward criminal activity." ORS 161.725(1). Defendant urges that this is conceptually impossible: the mental disease or defect that renders defendant not responsible cannot be precisely distinquished from the "personality disorder which renders him a dangerous offender." The evidence adduced from the experts was otherwise.

Following the trial at which defendant was found not responsible, the court held two hearings to determine whether, defendant was suffering from a personality disorder, either in addition to or in connection with his mental

disease. Based on letters solicted by the court from two psychiatrists who had examined defendant in preparation for trial, the court issued the amended order, *supra*.[1] The record does not include the question [that the trial judge] asked the doctors, but in response, one doctor wrote:

> "Mr. Carrol suffers from both a form of chronic schizophrenia and also has elements of the antisocial personality. Thus I think it has to be said that he is suffering from a severe personality disorder which does indicate a propensity toward criminal activity."

The other wrote:

> "In addition to a major mental illness, [the defendant] does suffer from a severe personality disorder indicating a propensity toward criminal activity and in my opinion he qualifies as a dangerous offender."

On the basis on the doctors' reports, defendant's *personality disorder* is not the same as his diminished mental capacity condition, called "mental disease or defect." Defendant's diagnosis included a long-standing mental disease of chronic paranoid schizophrenia *and* a personality disorder. The evidence was sufficient to support the court's finding of the appropriate statutory degree of personality disorder. The court properly committed the defendant to PSRB for the maximum period of jurisdiction, i.e., 30 years, equal to the maximum term of an indeterminate sentence for a dangerous offender.

■ Finally, defendant argues that to find him to be a dangerous offender, ORS 161.725, *supra,* requires the court to find that "an extended period of confined correctional treatment or custody is required for the protection of the public * * *." He contends that correctional treatment or custody has no application to commitment of a not responsible person to the jurisdiction of PSRB. He contends that "correctional" refers to prisons and jails and argues that the statutory goal of an extended period of confined correctional treatment is impossible for him. We disagree. Under

---

[1] Though this presentence procedure did not comply with the statutory requirements of ORS 171.735, *see State v. Dodson,* 25 Or App 859, 551 P2d 484, *rev den,* (1976), the right to present and cross-examine witnesses at a presentencing hearing as a dangerous offender may be waived. *State v. Sanders,* 35 Or App 503, 509, 582 P2d 22 (1978). It is clear from the comments of counsel that this was defendant's intent.

the PSRB statutes persons are committed to the *custody* of the Mental Health Division. Commitment is for the dual purpose of supervision and treatment. ORS 161.327(2). The court in determining whether a person shall be committed to a state hospital or conditionally released, *"shall have as its primary concern the protection of the society."* ORS 161.327(5) and ORS 161.336(1). We see little difference in this case between treatment and custody in a correctional setting and treatment and custody in a mental health environment.

Affirmed.

**ROBERTS, J.,** dissenting.

I dissent. I disagree with the majority that the determinative issue in committing defendant to the custody of the PSRB for 30 years is whether defendant was, at the time of sentencing, "suffering from a severe personality disorder indicating a propensity toward criminal activity." ORS 161.327(1) authorizes a court to commit a defendant to PSRB's jurisdiction for a period equal to the maximum sentence the court finds the person could have received *if responsible.* The proper inquiry, therefore, is whether the defendant, if he *were* responsible, would have been subject to the maximum sentence as a dangerous offender, *i.e.,* that he *would have* suffered from the personality defect indicating a criminal propensity if he had been responsible. This requires more than a finding that the mental disease which rendered defendant not responsible and the personality defect manifesting dangerousness co-existed at the time of the psychiatrists' examinations.

At sentencing, the court said it had "submitted to the psychiatrists who had examined him the question of whether or not he was a dangerous offender as defined in ORS 161.725." It seems certain to me, therefore, that the question the court posed to the doctors, which was not noted in the record, was *not* the proper one. We do know that as a result of the confusion caused by the question, and the psychiatrists' responses to it, the court's first order found defendant to *be* a dangerous offender. Then, realizing its error, the court issued an amended order finding that defendant *would have been* a dangerous offender if he

had been responsible for the crime. There is no indication the court took any new evidence to get to the second conclusion.

In my view, defendant's commitment to PSRB could not be enhanced under ORS 161.735, unless the psychiatrists who examined him testified similarly as follows:

"This defendant has a major mental illness which renders him not responsible for his actions. He also has a severe personality disorder indicating a propensity toward criminal activity. If defendant did not have the mental illness and, therefore, was responsible for his actions, he would still have the criminal propensity."

There was no such testimony in this case.

I respectfully dissent.