Argued and submitted May 9, affirmed October 12, 1983

## JERRY LEE ANDERSON,
*Appellant,*

*v.*

## PSYCHIATRIC SECURITY REVIEW BOARD,
*Respondent.*

### (82-515; CA A26346)

670 P2d 185

Steven H. Gorham, Salem, argued the cause and filed the brief for appellant.

James E. Mountain, Jr., Deputy Solicitor General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, Stanton F. Long, Deputy Attorney Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Petitioner appeals from an order of the Psychiatric Security Review Board (PSRB) that committed him to a state mental hospital and placed him under PSRB's jurisdiction for a maximum period of 26 years. Petitioner contends that PSRB should have "merged" the offenses which gave rise to his commitment and, therefore, that the maximum period of PSRB jurisdiction should have been 10 years. We conclude that PSRB lacked the authority to "merge" and affirm.

Petitioner was charged with two counts of attempted first degree assault, ORS 163.185, two counts of recklessly endangering, ORS 163.195, one count of criminal mischief in the first degree, ORS 164.365, and one count of failure to perform the duties of a driver involved in an accident. ORS 483.602. The charges stemmed from an incident in which petitioner first swerved his car into a car occupied by two persons and then, after the other car was disabled, accelerated rapidly and drove his car directly into the disabled vehicle, which was still occupied. Petitioner then walked away from the scene without contacting the driver of the other vehicle.

Petitioner was prosecuted in a court trial on stipulated facts and found to be not responsible for the criminal conduct because of mental disease or defect. ORS 161.295. The court determined that, had petitioner been found responsible, he would have been convicted on all counts and that the maximum sentence he could have received would have been imprisonment for 26 years.[1]

At petitioner's hearing, PSRB found that the court had placed him under its jurisdiction for a maximum period of time not to exceed 26 years and that he is affected by a mental disease or defect which causes him to present a substantial danger to others. PSRB, therefore, ordered that he be committed to a state hospital for care, custody and treatment pursuant to ORS 161.341 and 161.346.

Petitioner contends that PSRB erred by accepting the trial court's determination that 26 years was the maximum sentence that he could have received. He claims that

---

[1] The court also found that, had petitioner been found responsible, the recklessly endangering charges would merge with the attempted assault in the first degree charge.

PSRB should have merged the two assault counts with the counts for criminal mischief and failure to perform the duties of a driver. The threshold question is whether PSRB has the authority to make such a modification of the trial court's determination.

Under ORS 161.327(1), when a trial court orders a person placed under the jurisdiction of PSRB for care and treatment,

> "[t]he period of jurisdiction of [PSRB] *shall be equal* to the maximum sentence the *court finds* the person could have received had the person been found responsible." (Emphasis supplied.)

We conclude from the emphasized statutory language that PSRB is mandated to take jurisdiction over persons like petitioner for the period that the *trial court* determines would be the maximum sentence that could have been received. In this case, the trial court made a specific finding pursuant to ORS 161.325(2)(a) that, had petitioner been found responsible, the maximum sentence would have been 26 years. Therefore, under ORS 161.327(1), the period of PSRB jurisdiction *must be* equal to this 26 year determination of the trial court.

Petitioner contends that ORS 161.341(1) grants PSRB the authority to modify the trial court's determination:

> "If the board finds, upon its initial hearing, that the person presents a substantial danger to others and is not a proper subject for conditional release, the board shall order the person committed to, or retained in, a state hospital designated by the Mental Health Division for custody, care and treatment. The period of commitment ordered by the board shall not exceed the maximum sentence the person could have received had the person been found responsible."

Under the statutory scheme, ORS 161.341(1) deals with PSRB's authority to commit someone to a state hospital. Petitioner has confused the term "commitment" with the concept of jurisdiction. All that the statute says is that PSRB cannot commit someone to a state hospital for a period longer than it has jurisdiction over that person. It is ORS 161.327(1) that allocates to the trial court the authority to determine the length of PSRB's jurisdiction by determining the maximum sentence the person could have received had that person been found responsible. If ORS 161.341(1) grants PSRB the

authority to disregard the court's determination of the maximum sentence, there would be no reason for the legislative mandate in ORS 161.327(1) that PSRB's temporal jurisdiction be equal to that of the court's determination. Because ORS 161.327(1) requires that the determination be made by the trial court at an early stage in the statutory commitment scheme, and ORS 161.341(1) concerns the later commitment hearing, it is likely that the legislature, when it drafted ORS 161.341(1), meant for it to refer back to the determination the maximum sentence made under ORS 161.327(1).[2]

Because PSRB does not have the authority to modify a trial court's determination of the maximum sentence, PSRB did not err by refusing to modify the length of petitioner's commitment. This appeal is a collateral attack on the trial court's determination that 26 years was the proper maximum sentence. Under ORS 161.327(7), the determination made by the court as to the maximum sentence is an appealable final order. Petitioner's remedy was to appeal the trial court's order, rather than PSRB's order.[3] *See, e.g., State v. Carrol,* 54 Or App 445, 635 P2d 17, *rev den* 292 Or 334 (1981).

Affirmed.

---

[2] Furthermore, considering the composition and function of PSRB as set out in ORS 161.385(2) in light of the somewhat technical considerations which govern "merger" and maximum sentences, it is unlikely that the legislature intended that the board make a determination as to how long a maximum sentence would have been.

[3] It does not appear from the record now before this court whether such an appeal was taken. If it was, and this issue were raised, the matter would be *res judicata.* We express no opinion whether, assuming no appeal was taken, the issue was waived or could now be the subject of a *habeas corpus* proceeding.