494 A.2d 1067

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Joseph ALLEN, Appellee.**

Supreme Court of Pennsylvania.

Submitted April 17, 1985.

Decided June 27, 1985.

Eric B. Henson, Deputy Dist. Atty., Harriet R. Brumberg, Steven Cooperstein, Philadelphia, for appellant.

John W. Packel, Chief, Appeals Div., Leonard Sosnou, Philadelphia, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION

NIX, Chief Justice.

The issue in this appeal is the constitutionality of section 9714 of the Mandatory Minimum Sentencing Act ("Act"), 42 Pa.C.S. § 9714, which requires the imposition of a minimum sentence of five (5) years' total confinement upon persons convicted of certain violent felonies upon proof that the defendant has been previously convicted in a federal or state court of a crime of violence. For the reasons expressed in our decision in *Commonwealth v. Wright*, 508 Pa. 25, 494 A.2d 354 (1985), we conclude that Section 9714

of the Act, like section 9712, 42 Pa.C.S. § 9712, satisfies the minimum requirements of due process.

## I.

Appellee Allen was arrested in connection with a barroom stabbing and charged with aggravated assault, reckless endangerment and possession of an instrument of crime. After a bench trial he was convicted of all charges. Prior to sentencing appellee filed a motion to bar application of the Act. The trial court, concluding that the prior conviction which triggers section 9714's mandatory sentencing provision was an element of the current offense required to be proven beyond a reasonable doubt, held section 9714 unconstitutional and declined to apply it. Appellee was sentenced to a term of eleven and one-half (11½) to twenty-three (23) months in county prison to be followed by two (2) years probation. The Commonwealth has appealed that sentence.[1]

## II.

■ Section 9714 of the Act,[2] entitled "Sentences for second and subsequent offenses," provides that any person

**1.** The Commonwealth has the right to appeal pursuant to 42 Pa.C.S. § 9714(e), which provides in pertinent part: "If a sentencing court shall refuse to apply this section where applicable, the Commonwealth shall have the right to appellate review of the action of the sentencing court." This Court is vested with jurisdiction of the appeal pursuant to 42 Pa.C.S. § 722(7) (matters where statute held unconstitutional by court of common pleas).

**2.** Section 9714 of the Act, entitled "Sentences for second and subsequent offenses," provides as follows:

    (a) **Mandatory sentence.**—Any person who is convicted in any court of this Commonwealth of murder of the third degree, voluntary manslaughter, rape, involuntary deviate sexual intercourse, arson as defined in 18 Pa.C.S. § 3301(a) (relating to arson and related offenses), kidnapping or robbery as defined in 18 Pa.C.S. § 3701(a)(1)(i), (ii) or (iii) (relating to robbery), or attempt to commit any of these crimes, or who is convicted of aggravated assault in which the offender intentionally, knowingly or recklessly causes serious bodily injury to another under circumstances manifesting extreme indifference to the value of human life, shall, if they have previously been convicted of a crime of violence as specified in subsection (b), be sentenced to a minimum sentence of at least five

years of total confinement notwithstanding any other provision of this title or other statute to the contrary.

(b) **Prior convictions for crimes of violence.**—For the purposes of subsection (a), an offender shall be deemed to have prior convictions for crimes of violence if both of the following conditions hold: (1) The offender was previously convicted in this Commonwealth or any other state or the District of Columbia or in any Federal court of murder, voluntary manslaughter, rape, involuntary deviate sexual intercourse, robbery as defined in 18 Pa.C.S. § 3701( )(1)(i), (ii) or (iii), arson as defined in 18 Pa.C.S. § 3301(a), kidnapping or aggravated assault in which the offender intentionally, knowingly or recklessly causes serious bodily injury to another under circumstances manifesting extreme indifference to the value of human life, an equivalent crime under the laws of the Commonwealth in effect prior to the effective date of Title 18 (relating to crimes and offenses) or an equivalent crime in another jurisdiction. The previous conviction need not be for the same crime as the instant offense for this section to be applicable.

(2) The previous conviction occurred within seven years of the date of the commission of the instant offense, except that any time during which the offender was incarcerated in any penitentiary, prison or other place of detention shall not be considered in computing the relevant seven-year period. Convictions for other offenses arising from the same criminal episode as the instant offense shall not be considered previous convictions for the purpose of this section. A previous conviction shall include any conviction, whether or not litigation is pending concerning that conviction.

(c) **Proof at sentencing.**—Provisions of this section shall not be an element of the crime and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The sentencing court, prior to imposing sentence on an offender under subsection (a), shall have a complete record of the previous convictions of the offender, copies of which shall be furnished to the offender. If the offender or the attorney for the Commonwealth contests the accuracy of the record, the court shall schedule a hearing and direct the offender and the attorney for the Commonwealth to submit evidence regarding the previous convictions of the offender. The court shall then determine, by a preponderance of the evidence, the previous convictions of the offender and, if this section is applicable, shall impose sentence in accordance with this section. Should a previous conviction be vacated in an acquittal or final discharge entered subsequent to imposition of sentence under this section, the offender shall have the right to petition the sentencing court for reconsideration of sentence if this section would not have been applicable except for the conviction which was vacated.

(d) **Authority of court in sentencing.**—There shall be no authority in any court to impose on an offender to which this section is applicable any lesser sentence than provided for in subsection (a) or to place such offender on probation or to suspend sentence. Nothing in this section shall prevent the sentencing court from imposing

convicted in a Pennsylvania court of a serious violent felony, as defined in subsection 9714(a), shall be sentenced to a minimum prison term of five (5) years if he or she has been previously convicted in a state or federal court of a serious crime of violence enumerated in subsection 9714(b). That prior conviction must have occurred within seven (7) years of the date of the instant offense, periods of incarceration excluded. Offenses arising from the same criminal episode as the instant offense are not "previous convictions" for purposes of section 9714.

Like section 9712 of the Act, 42 Pa.C.S. § 9712, section 9714 provides that the sentencing factor, here a prior conviction of a specified violent crime, is not an element of the offense and requires proof of the sentencing factor by a preponderance of the evidence.[3] 42 Pa.C.S. § 9714(c). *Cf.* 42 Pa.C.S. § 9712(b). Thus for purposes of our due process analysis we find no significant difference between these two sections of the Act.

In *Commonwealth v. Wright, supra,* we held that the sentencing factor of section 9712, visible possession of a firearm during the commission of the crime, was not an element of the offense of which the defendant was convicted. We concluded that, in addition to the legislature's explicit statement that visible possession is not an element of the crime, visible possession does not meet the statutory

a sentence greater than that provided in this section. Sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory sentences provided in this section.

(e) **Appeal by Commonwealth.**—If a sentencing court shall refuse to apply this section where applicable, the Commonwealth shall have the right to appellate review of the action of the sentencing court. The appellate court shall vacate the sentence and remand the case to the sentencing court for the imposition of a sentence in accordance with this section if it finds that the sentence was imposed in violation of this section.

42 Pa.C.S. § 9714.

3. Pursuant to 42 Pa.C.S. § 9714(c), the trial court is to be furnished with a complete record of the defendant's prior convictions. A hearing is provided for when the defendant or the Commonwealth contests the accuracy of that record.

definition of such an element, *see* 18 Pa.C.S. § 103, and does not alter the degree of guilt. *Id.*, 508 Pa. at 34–36, 494 A.2d at 359. Rather, visible possession relates solely to sentencing and, if established, removes the discretion of the sentencing court to set a minimum sentence of less than five (5) years. *Id.*, 508 Pa. at 38–40, 494 A.2d at 361. For the same reasons it is clear that a prior conviction under section 9714 is not an element of the offense and thus need·not be proven beyond a reasonable doubt.

Section 9714 clearly states that "[p]rovisions of this section shall not be an element of the crime." 42 Pa.C.S. § 9714(c). Moreover, the prior violent felony conviction which triggers section 9714 does not satisfy the Crimes Code's definition of an "element of an offense," namely

[s]uch conduct or such attendant circumstances or such a result of conduct as:

(1) is included in the description of the offense;

(2) establishes the required kind of culpability;

(3) negatives an excuse or justification for such conduct;

(4) negatives a defense under the statute of limitation; or

(5) establishes jurisdiction or venue.

18 Pa.C.S. § 103.

The sections of the Crimes Code which define the felonies enumerated in section 9714(a) neither refer to prior convictions nor does a prior conviction establish the culpability required under those sections. *See* 18 Pa.C.S. §§ 2502(c), 2503, 2702(a)(1), 2901, 3121, 3123, 3301(a), 3701(a)(1)(i)–(iii). A prior conviction clearly does not negate an excuse or justification or a defense under the statute of limitations and does not establish jurisdiction or venue.

■ Finally, we reject the theory that section 9714 in effect creates a series of aggravated crimes of which a prior conviction is a material element. Section 9714, like section 9712, does not alter the degree of guilt of the crimes to which it applies or increase the maximum sentence which

may be imposed for those offenses. Like section 9712, section 9714 is applicable to felonies of the first or second degree carrying maximum sentences of twenty (20) and ten (10) years respectively.[4] Section 9714 merely mandates a five (5) year minimum sentence, which may be greater or less than the minimum which might be imposed were the section not applicable. Moreover, like section 9712, the instant section applies only where the defendant is convicted of one of the offenses enumerated therein and thus relates solely to the sentencing proceedings. The finding of a prior violent felony conviction is a sentencing factor which removes the discretion of the sentencing court to set a minimum sentence of less than five (5) years. The legislature has thereby foreclosed the possibility of leniency to repeat violent offenders. A prior conviction for an offense described in subsection 9714(b), therefore, is not an element of the crime for which the defendant subject to section 9714 is to be sentenced, and need not be proven beyond a reasonable doubt.

### III.

■ We must also reject, as we did in *Commonwealth v. Wright, supra,* the notion that due process requires a higher standard of proof than a preponderance of the evidence in mandatory sentencing proceedings. As we indicated in *Wright,* in assessing the constitutionality of the preponderance standard "we must weigh the liberty interest of the defendant against the Commonwealth's interest in imposing a mandatory sentence and determine how the risk of error should be distributed between those two parties in the sentencing proceeding." *Id.,* 508 Pa. at 38–40, 494 A.2d at 361, *citing Santosky v. Kramer,* 455 U.S. 745, 754, 102 S.Ct. 1388, 1395, 71 L.Ed.2d 599 (1982); *Addington v. Texas,* 441 U.S. 418, 425, 99 S.Ct. 1804, 1808, 60 L.Ed.2d 323 (1979); *Matthews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976).

**4.** Section 9714(a) includes arson as defined in 18 Pa.C.S. § 3301(a) in addition to the crimes enumerated in section 9712(a).

The liberty interest of a defendant facing a sentencing proceeding pursuant to section 9712 is similar to that of other convicted defendants awaiting sentence. He stands convicted of a serious felony upon proof beyond a reasonable doubt. His right to remain free from confinement has thus been extinguished, *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 7 [99 S.Ct. 2100, 2103, 60 L.Ed.2d 668] (1976); *Meachum v. Fano*, 427 U.S. 215, 224 [96 S.Ct. 2532, 2538, 49 L.Ed.2d 451] (1976), and he is subject to punishment.

*Commonwealth v. Wright, supra,* 508 Pa. at 38–40, 494 A.2d at 361.

*See also id.,* 508 Pa. at 42, 494 A.2d at 363 (Larsen, J., joining and concurring). The interest of a convicted defendant subject to a section 9714 proceeding is identical.

The Commonwealth's interest in protecting the public, punishing violent repeat offenders and deterring violent crime is at least as great as the convicted defendant's interest in leniency. The risk of error, moreover, is minimal. The existence of a prior conviction is a simple historical fact which may be ascertained through official documents. We note also that the federal "dangerous special offender" statute, 18 U.S.C. § 3575, which also requires proof of prior convictions by a preponderance of the evidence, has been uniformly upheld by the federal courts. *See United States v. Davis,* 710 F.2d 104 (3d Cir.1983); *United States v. Schell,* 692 F.2d 672 (10th Cir.1982); *United States v. Inendino,* 604 F.2d 458 (7th Cir.), *cert. denied* 444 U.S. 932, 100 S.Ct. 276, 62 L.Ed.2d 190 (1979); *United States v. Williamson,* 567 F.2d 610 (4th Cir.1977); *United States v. Ilacqua,* 562 F.2d 399 (6th Cir.1977), *cert. denied,* 435 U.S. 906, 98 S.Ct. 1453, 55 L.Ed.2d 497 (1978); *United States v. Bowdach,* 561 F.2d 1160 (5th Cir.1977); *United States v. Stewart,* 531 F.2d 326 (6th Cir.), *cert. denied,* 426 U.S. 922, 96 S.Ct. 2629, 49 L.Ed.2d 376 (1976). Moreover, statutes similar to the federal statute have been held constitutional in the state courts. *See Eutsey v. State,* 383 So.2d 219 (Fla.1980); *State v. Piri,* 295 Minn. 247, 204 N.W.2d 120

(1973); *State v. Wells,* 276 N.W.2d 679 (N.D.1979); *State v. Sanders,* 35 Or.App. 503, 582 P.2d 22 (1978). Thus we are convinced that the preponderance standard prescribed in section 9714 satisfies the minimum requirements of due process.

Accordingly, the judgment of sentence is vacated and the matter is remanded to the court of common pleas for resentencing pursuant to 42 Pa.C.S. § 9714.

LARSEN, J., joins in this opinion and files a concurring opinion.

LARSEN, Justice, concurring.

I join in the majority opinion and further cite in support thereof my opinion in *Commonwealth v. Wright,* 508 Pa. —, 494 A.2d 354 (1985).