COMMONWEALTH of Pennsylvania, Appellee,

v.

**Phillip WYNN, Appellant.**

Superior Court of Pennsylvania.

Argued May 23, 2000.

Filed Sept. 12, 2000.

---

**42**

Jerome M. Brown, Philadelphia, for appellant.

Greg Rowe, Asst. Dist. Atty., Philadelphia, for Com., appellee.

BEFORE: KELLY, ORIE MELVIN, and TODD, JJ.

ORIE MELVIN, J.:

¶ 1 Appellant, Phillip Wynn, appeals *nunc pro tunc* from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County following his conviction of aggravated assault[1], possession of an instrument of crime[2], and criminal conspiracy[3]. Mr. Wynn challenges the constitutionality of the sentencing procedure set forth in 42 Pa.C.S.A. § 9714 (relating to sentences for second and subsequent offenses) as violative of his procedural due process rights under the Fourteenth Amendment of the federal constitution. He also contends his trial counsel was ineffective for failing to raise this issue at sentencing. For the reasons that follow, we affirm.

¶ 2 The facts and procedural history may be summarized as follows. While conducting an undercover sting operation on July 10, 1996, State Police Troopers James Tarasca and Joseph Thompson attempted to purchase weapons from co-defendants Kennard Tucker and Fadi El Kareh in the West Oak Lane section of Philadelphia. The troopers decided they would purchase a .38 caliber and a .357 caliber handgun, which they knew could be purchased locally at 20th and Godfrey Streets within a short period of time. Mr. Tucker, Mr. El Kareh, and Trooper Tarasca entered a nearby alley where Mr. Wynn and companion, Randy Young, were waiting armed with a .38 caliber handgun. Trooper Tarasca and Mr. Wynn began to approach each other so as to permit inspection of the weapon prior to its anticipated sale. Trooper Tarasca attempted to grab the weapon from Mr. Wynn, stating "let me check that out." N.T., Trial, 12/10/97, at 129–130. However, Mr. Wynn pulled the weapon away and pressed it against Trooper Tarasca's chest. *Id.* Trooper Thompson entered the alley, drew his service revolver, and shouted "State Police." *Id.* at 57–61. The men in the alley began to run, and either Mr. Wynn or Mr. Young turned and fired two shots. *Id.* at 169–173. No one was injured. Mr. Wynn was apprehended the following day.

¶ 3 On December 10, 1997, Mr. Wynn waived his right to a jury trial and was tried before the Honorable Anthony J. De-Fino of the Court of Common Pleas of Philadelphia County. Mr. Wynn was convicted of aggravated assault, criminal con-

---

**1.**  18 Pa.C.S.A. § 2702

**2.**  18 Pa.C.S.A. § 907

**3.**  18 Pa.C.S.A. § 903

spiracy, carrying a firearm without a license, and possession of an instrument of crime. Prior to sentencing, the Commonwealth notified Mr. Wynn he would be subject to sentencing pursuant to 42 Pa. C.S.A. § 9714(a)(1)[4] as a high risk dangerous offender because the current offense constituted a crime of violence[5], and he had been previously convicted of a crime of violence in 1993. On March 11, 1998, a hearing was conducted as required by § 9714(c). At the hearing Mr. Wynn attempted to rebut the presumption established by proof of his prior conviction for robbery classified as a felony of the first degree in accordance with 42 Pa.C.S.A. § 9714(b)(1) and (2). Following the presentation of evidence, the court determined that Mr. Wynn had failed to rebut the presumption that he was a high-risk dangerous offender. Thereafter, the court imposed a sentence upon Mr. Wynn in accordance with the mandates of §§ 9714(a)(1) and (a.1) consisting of a term of ten (10) to twenty (20) years' imprisonment for his aggravated assault conviction, plus a concurrent term of three (3) to seven (7) years' imprisonment for his VUFA conviction. No further penalties were imposed for his convictions of criminal conspiracy and PIC. At no time during the sentencing proceeding did Mr. Wynn raise any objections to the constitutionality of 42 Pa.C.S.A. § 9714.

¶ 4 On March 26, 1998, Mr. Wynn filed a timely direct appeal. On November 20, 1998, this Court dismissed the appeal based upon counsel's failure to file a brief on Appellant's behalf without prejudice to his rights under the PCRA. On December 28, 1998, Mr. Wynn filed a *pro se* PCRA petition seeking the reinstatement of his appellate rights *nunc pro tunc*. By Order dated February 8, 1999, his petition was granted and current counsel was appointed. The instant appeal followed.

¶ 5 On appeal, Mr. Wynn raises the following two issues in the alternative:

(1) Whether the sentencing procedure [set forth] in 42 Pa.C.S.A. § 9714 . . . violates due process by presuming the defendant is a high risk dangerous offender, requiring the defendant to rebut this presumption by clear and convincing evidence and by not requiring the Commonwealth to prove this issue by a preponderance of the evidence?

(2) Whether trial counsel was ineffective for failing to raise the above issue?

Appellant's Brief at 2.

¶ 6 The Commonwealth initially argues the constitutional challenge was waived by Mr. Wynn's failure to raise it below at the time of sentencing or in a post sentence motion.[6] We disagree. Ordinarily, matters raised on appeal for the first time are deemed waived pursuant to Pa.R.A.P., Rule 302, 42 Pa.C.S.A.; however, the issue raised herein implicates the legality of the sentence imposed and therefore cannot be waived. *See Commonwealth v. Wallace*, 368 Pa.Super. 255, 533 A.2d 1051 (1987) (holding illegality of sentence going to the jurisdiction or authority of the court cannot be waived); *Common-*

---

4. 42 Pa.C.S.A. § 9714—**Sentences for second and subsequent offenses**
   **(a) Mandatory sentence—**
   (1) Any person. who is convicted in any court of the Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence and has not rebutted the presumption of a high risk dangerous offender as provided in subsection (c), be sentenced to a minimum sentence of at least ten years total confinement[.]

5. "A 'crime of violence' means, inter alia, aggravated assault as defined in 18 Pa.C.S.A. § 2702(a)(1) or (2) or robbery, as defined in 18 Pa.C.S.A. § 3701(a)(i), (ii) or (iii). 42 Pa. C.S.A. § 9714(g)." *Commonwealth v. Eddings*, 721 A.2d 1095, 1099 (Pa.Super.1998).

6. We further note, Appellant's ineffective assistance of trial counsel contention was not raised in his Rule 1925(b) statement of matters complained of on appeal, and would therefore ordinarily provide another basis for finding waiver.

*wealth v. Hartz*, 367 Pa.Super. 267, 532 A.2d 1139, 1145 (1987) (*en banc*) (same). "A legality issue is essentially a claim that the trial court did not have jurisdiction to impose the sentence that it handed down.... A trial court ordinarily has jurisdiction to impose any sentence which is within the range of punishments which the legislature has authorized for the defendant's crimes." *Commonwealth v. Smith*, 375 Pa.Super. 419, 544 A.2d 991, 994 (1988). We recognize Mr. Wynn's sentence of ten to twenty years' imprisonment is within the statutorily authorized maximum notwithstanding application of § 9714.[7] Nonetheless, the court imposed the instant sentence pursuant to the dictates of § 9714 and was thereby denied its discretion to impose a lesser sentence. Thus, if § 9714 were found to be unconstitutional, to the extent the court may have imposed a lesser sentence in the absence of § 9714, Appellant is serving an illegal sentence.

¶ 7 Turning to the merits, Mr. Wynn asserts the sentencing procedure of § 9714 violates procedural due process in two respects; first, by creating a presumption that a defendant is a high risk dangerous offender under § 9714(b) without requiring the Commonwealth to prove the same by a preponderance of the evidence, and second, by placing the burden of persuasion on defendant to rebut this designation by clear and convincing evidence. We recently restated our standard of review for claims challenging the constitutionality of a statute as follows:

A statute will be found unconstitutional only if it clearly, palpably and plainly violates constitutional rights. Under well-settled principles of law, there is a strong presumption that legislative enactments do not violate the constitution. Further, there is a heavy burden of persuasion upon one who questions the constitutionality of an Act.

*Commonwealth v. McMullen*, 2000 PA Super 191, ¶ 5, 756 A.2d 58, 61 (quoting *Commonwealth v. MacPherson*, 561 Pa. 571, 578–80, 752 A.2d 384, 388 (2000) (citations and internal quotation marks omitted)).

¶ 8 We note the instant statute is recidivist legislation designed to enhance sentences for those criminals who persist in committing violent crimes. *Commonwealth v. Eddings*, 721 A.2d 1095, 1100 (Pa.Super.1998), *appeal granted and cross appeal denied*, 561 Pa. 687, 751 A.2d 185, 2000 Pa. Lexis 346 (2000); *Commonwealth v. Parker*, 718 A.2d 1266, 1268 (Pa.Super.1998), *appeal denied*, 561 Pa. 655, 747 A.2d 899, 1999 Pa. Lexis 3878 (1999). It is within the province of the legislature to determine sentencing procedures. *Commonwealth v. Wright*, 508 Pa. 25, 494 A.2d 354 (1985), *affirmed sub nom, McMillan v. Pennsylvania*, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986). "The legislature defines the contours of a crime, sets the limits for punishment, and provides for implementing and administering the penal system." *Commonwealth v. Hernandez*, 339 Pa.Super. 32, 488 A.2d 293, 298 (1985). "[D]ue process of law is not violated when courts accede to legislative authority to frame a coherent statutory scheme for the administration of sentencing for certain criminal offenses." *Id.* at 293. Moreover, in noncapital cases the legislature is not constitutionally obligated to permit the convicted recidivist the opportunity to mitigate application of the statutorily mandated sentence. *See Commonwealth v. Waters*, 334 Pa.Super. 513, 483 A.2d 855, 861 (1984), *cert. denied*, 471 U.S. 1137, 105 S.Ct. 2679, 86 L.Ed.2d 697 (1985) (stating "Determinations regarding the appropriateness of individualized sentencing for noncapital cases are within the province of the legislature. For first-degree murder, where the death sentence is not applicable, our legislature has seen fit to impose a mandatory life sentence, choosing to deny

---

**7.** See 18 Pa.C.S.A. § 2702(b), which provides "Aggravated assault under subsection (a)(1) and (2) is a felony of the first degree;" and 18 Pa.C.S.A. § 1103 permitting maximum of twenty years for conviction of first degree felony.

the judiciary the discretion allowed in sentencing many other types of offenders. Its decision to do so does not violate the United States or Pennsylvania Constitutions.").

█ ¶ 9 Mr. Wynn urges this Court to find § 9714 violative of his right to procedural due process[8] based upon the same rationale expressed by our Supreme Court in finding the "sexually violent predator" provisions unconstitutional in *Commonwealth v. Williams*, 557 Pa. 285, 733 A.2d 593 (1999), *cert. denied*, —— U.S. ——, 120 S.Ct. 792, 145 L.Ed.2d 668 (2000). He argues the sentencing procedures under § 9714(b) are similar to those found unconstitutional in Pennsylvania's version of Megan's Law, 42 Pa.C.S.A. §§ 9791–9799.6. He asserts each statute creates a presumption that leads to heightened punishment without requiring the Commonwealth to prove the facts that trigger the presumption by a preponderance of the evidence. Furthermore, each impermissibly places the burden of persuasion on the defendant to rebut the presumption by clear and convincing evidence. We disagree.

¶ 10 While we acknowledge due process at sentencing typically requires the Commonwealth to prove sentence-enhancing factors by a preponderance of the evidence, *McMillan v. Pennsylvania*, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986), we, nonetheless, find Mr. Wynn's reliance on *Commonwealth v. Williams*, *supra*, to be misplaced. Although there are some similarities between the two laws, the method by which offenders are designated "high risk dangerous offenders" under § 9714(b) is sufficiently different from the method used to designate an offender as a "sexually violent predator"

under former § 9794(b) so as to pass constitutional muster.

¶ 11 In *Williams*, the Supreme Court determined the sexually violent predator provisions of Pennsylvania's Megan's Law to be violative of the procedural due process guarantees of the Fourteenth Amendment. We believe the primary reason offered for why these provisions were constitutionally deficient was because the Act presumed the existence of an aggravating factor, i.e., that a person convicted of certain predicate offenses is a sexually violent predator, without placing any burden of proof of this fact on the Commonwealth. Thus, the offender was left to bear the burden of rebutting the presumption or face enhanced penalties of up to a mandatory life term. A review of the corresponding provisions reveals there are significant differences between former section 9794(b)[9] and § 9714(b). Section 9794(b) provided:

> An offender convicted of any offense set forth in section 9793(b) shall be presumed by the board and the court to be a sexually violent predator. This presumption may be rebutted by the offender by clear and convincing evidence at a hearing held in accordance with subsection (e).

42 Pa.C.S.A. § 9794(b). By comparison § 9714(b) provides:

> For the purposes of subsection (a), an offender shall be presumed to be a high risk dangerous offender and shall be deemed to have prior convictions for crimes of violence if both of the following conditions hold:
>
> (1) The offender was previously convicted of a crime of violence. The previous conviction need not be for the same

8. Mr. Wynn does not raise a State constitutional challenge or assert the Pennsylvania Constitution affords greater protection in this area. Thus, the issue will be decided under federal constitutional law principles.

9. Subchapter H of the Sentencing Code entitled Registration of Sexual Offenders was

amended on May 10, 2000 by Act No. 2000–18 in order to effectuate the directive of the Supreme Court "strik[ing] all of the relevant provisions of the Act pertaining to sexually violent predators." *Williams*, at 312–313, 733 A.2d at 608.

crime as the instant offense for this section to be applicable.

(2) The previous conviction occurred within seven years of the date of the commission of the instant offense, ....

42 Pa.C.S.A. § 9714(b). The instant Act further provides the offender with the opportunity to contest the accuracy of the previous convictions:

(d) **Proof at sentencing.**—Provisions of this section shall not be an element of the crime and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The sentencing court, prior to imposing sentence on an offender under subsection (a), shall have a complete record of the previous convictions of the offender, copies of which shall be furnished to the offender. If the offender or the attorney for the Commonwealth contests the accuracy of the record, the court shall schedule a hearing and direct the offender and the attorney for the Commonwealth to submit evidence regarding the previous convictions of the offender. The court shall then determine, by a preponderance of the evidence, the previous convictions of the offender and, if this section is applicable, shall impose sentence in accordance with this section.

42 Pa.C.S.A. § 9714(d).

¶ 12 Unlike the sexually violent predator presumption of § 9794(b), which arises solely as a result of a conviction of a predicate offense without any burden being placed on the Commonwealth to prove the same, the presumption under § 9714(b), that one is a high risk dangerous offender, arises only upon both a conviction of a predicate offense and proof the defendant has a prior conviction for a violent crimes within the past seven years. Thus, despite Mr. Wynn's argument to the contrary, once a dispute arises concerning the offender's prior record, § 9714(d), unlike § 9794(b), does place the burden on the Commonwealth to prove the sentence enhancement factor. Accordingly, a mandatory sentence applies only where the specified prior record remains undisputed or has been proven by a preponderance of the evidence. For offenders with one prior conviction, the mandatory minimum sentence is ten years; for offenders with two prior convictions, the mandatory minimum sentence is twenty-five years, and life without parole is authorized if the court determines twenty-five years is insufficient to protect the public safety. § 9714(a)(1) and (2). The maximum term must be twice the minimum term pursuant to § 9714(a.1). Additionally, a hearing is required for an offender presumed to be a high risk dangerous offender whereby the offender can rebut the "high risk dangerous offender" presumption by presenting clear and convincing evidence that the presumption should not apply. § 9714(c). If the offender can rebut the presumption the mandatory minimum sentence is lowered to five years. § 9714(a)(1).

¶ 13 In *Commonwealth v. Allen*, 508 Pa. 114, 494 A.2d 1067 (1985), our Supreme Court already determined the preponderance standard for proving the requisite prior record under the former version of § 9714, which allowed no possibility of rebuttal of the mandatory minimum term, satisfied the minimum requisites of due process. *See also United States v. Oberle*, 136 F.3d 1414 (10th Cir.), *cert. denied,* 525 U.S. 885, 119 S.Ct. 197, 142 L.Ed.2d 161 (1998) (finding preponderance standard appropriate and government satisfied its burden when it introduced certified copies of the defendant's four previous convictions and the defendant offered no contradictory proof). Accordingly, we find the current version of § 9714, which provides additional procedural protections by allowing the opportunity to lower the mandatory minimum by rebutting the presumption, likewise survives constitutional scrutiny.

¶ 14 The instant statute's fact finding mission is more analogous to the deadly weapon enhancement provisions of § 9712, which survived a procedural due process challenge in *Wright, supra,* than it is to the process found objectionable in *Williams.* In this regard the *Allen* Court opined:

> The liberty interest of a defendant facing a sentencing proceeding pursuant to section 9712 is similar to that of other convicted defendants awaiting sentence. He stands convicted of a serious felony upon proof beyond a reasonable doubt. His right to remain free from confinement has thus been extinguished, *Greenholtz v. [Inmates of] Nebraska Penal [and Correctional Complex],* 442 U.S. 1, 7 [99 S.Ct. 2100, 2103, 60 L.Ed.2d 668] (1976[9]); *Meachum v. Fano,* 427 U.S. 215, 224 [96 S.Ct. 2532, 2538, 49 L.Ed.2d 451] (1976), and he is subject to punishment.
>
> *Commonwealth v. Wright, supra* at [38–39], 494 A.2d at 361.

*See also id.* at [42–43], 494 A.2d at 363 (Larsen, J., joining and concurring). The interest of a convicted defendant subject to a section 9714 proceeding is identical.

The Commonwealth's interest in protecting the public, punishing violent repeat offenders and deterring violent crime is at least as great as the convicted defendant's interest in leniency. The risk of error, moreover, is minimal. The existence of a prior conviction is a simple historical fact which may be ascertained through official documents. We note also that the federal 'dangerous special offender' statute, 18 U.S.C. § 3575, which also requires proof of prior convictions by a preponderance of the evidence, has been uniformly upheld by the federal courts. *See United States v. Davis,* 710 F.2d 104 (3d Cir.1983); *United States v. Schell,* 692 F.2d 672 (10th Cir.1982); *United States v. Inendino,* 604 F.2d 458 (7th Cir.), *cert. denied,* 444 U.S. 932, 100 S.Ct. 276, 62 L.Ed.2d 190 (1979); *United States v. Williamson,* 567 F.2d 610 (4th Cir.1977); *United States v. Ilacqua,* 562 F.2d 399 (6th Cir. 1977), *cert. denied,* 435 U.S. 906, 98 S.Ct. 1453, 55 L.Ed.2d 497 (1978); *United States v. Bowdach,* 561 F.2d 1160 (5th Cir.1977); *United States v. Stewart,* 531 F.2d 326 (6th Cir.), *cert. denied,* 426 U.S. 922, 96 S.Ct. 2629, 49 L.Ed.2d 376 (1976). Moreover, statutes similar to the federal statute have been held constitutional in the state courts. *See Eutsey v. State,* 383 So.2d 219 (Fla.1980); *State v. Piri,* 295 Minn. 247, 204 N.W.2d 120 (1973); *State v. Wells,* 276 N.W.2d 679 (N.D.1979); *State v. Sanders,* 35 Or.App. 503, 582 P.2d 22 (1978). Thus we are convinced that the preponderance standard prescribed in section 9714 satisfies the minimum requirements of due process.

*Allen,* at 121–122, 494 A.2d at 1071.

¶ 15 Our Supreme Court in *Allen* relied upon its prior decision in *Wright,* wherein, after weighing the interests of the defendant and the Commonwealth, the Court concluded:

> it is reasonable for the defendant and the Commonwealth to share equally in any risk of error which may be present in the factfinding process. In the context of a section 9712 proceeding, moreover, the risk of error is slight. Visible possession of a firearm is a straightforward issue susceptible of objective proof. There is scant potential that suspicion and conjecture will enter into the factfinder's decision. In addition, evidence of visible possession is amenable to meaningful appellate review.

*Wright,* at 41, 494 A.2d at 362.

¶ 16 Conversely, the *Williams* decision distinguished the fact-finding mission in *Wright* based upon a subjective versus objective dichotomy as follows:

> Unlike the situation in *Wright/McMillan,* where the determination of whether one was in visible possession of a fire-

arm was a 'straightforward issue susceptible of objective proof' and where 'the risk of error [was] slight,' here, as in *Verniero* [10], a subjective assessment of an offender's potential future dangerousness is a necessary inquiry in determining whether one is a sexually violent predator. As noted, the Board, in making its assessment considers a variety of elements in reaching its determination regarding whether an offender is a sexually violent predator. Additionally, just as in *Verniero*, the evidence that could be presented at the sexually violent predator proceeding may not have been presented at trial and will largely consist of the testimony of the offender and the victim. Resolution of issues regarding the evidence presented at the proceeding are not subject to the rules of evidence according to the Act and the court is under a time restriction to conduct the proceeding. Accordingly, the risk of an error at a sexually violent predator proceeding is far greater than was present in *Wright / McMillan*.

Given the foregoing analysis, we believe that the state must bear the burden of demonstrating that an offender is a sexually violent predator. Where resolution of competing facts is outcome determinative, 'requiring the prosecutor to affirmatively convince the court of the important facts can be expected to materially reduce the risk of error.' *Verniero*, 119 F.3d at 1109.

*Williams*, at 311–312, 733 A.2d at 607–608.

¶ 17 As a practical matter, the only two questions of fact relevant to sentencing under § 9714 are whether certain kinds of prior convictions exist and whether the offender was the subject of those convictions. Judges at sentencing proceedings under the Sentencing Code routinely decide these types of questions. Accordingly, we find the question of whether the offender has the specified prior record

under § 9714, like the question in a proceeding under § 9712 whether defendant was in visible possession of a gun, to be "a straightforward issue susceptible of objective proof," and "the risk of error [is] slight." *Wright, supra*; *see Commonwealth v. Thomas*, 743 A.2d 460, 464 (Pa.Super.1999), *appeal granted*, —— Pa. ——, 759 A.2d 385, 2000 Pa. Lexis 1447 (2000) (stating "the court's determination [of whether the offender has the specified prior record] is one of objective fact; prior convictions either exist, or they do not."). Because the mandatory sentence imposed pursuant to the provisions of § 9714 properly placed proof by a preponderance of the evidence of the sentence enhancement factor upon the Commonwealth, here a prior conviction for the specified offense, the instant Act comports with the due process principles addressed in *Wright* and *Allen*. Moreover, the instant Act is similar to other mandatory sentencing provisions held constitutional by this Court. *See Commonwealth v. Ross*, 391 Pa.Super. 32, 570 A.2d 86 (1990), *appeal denied*, 527 Pa. 644, 593 A.2d 417 (1990) (holding mandatory sentence provisions of § 9713, which apply to enumerated crimes committed in or near public transportation, do not violate due process) (citing *Commonwealth v. Sargent*, 349 Pa.Super. 289, 503 A.2d 3 (1986), which relied on *Wright* ); *Commonwealth v. Marks*, 704 A.2d 1095 (Pa.Super.1997), *appeal denied*, 555 Pa. 687, 722 A.2d 1056 (1998) (same with regard to § 9715, which requires mandatory life imprisonment for crime of murder in the third degree where defendant has previously been convicted of murder or voluntary manslaughter); *Commonwealth v. Chmiel*, 416 Pa.Super. 235, 610 A.2d 1058 (1992), *appeal denied*, 535 Pa. 613, 629 A.2d 1376 (1993), *cert. denied*, 510 U.S. 1013, 114 S.Ct. 605, 126 L.Ed.2d 569 (1993) (same under § 9718, which limits court's discretion where certain offenses involve

---

**10.** *E.B. v. Verniero*, 119 F.3d 1077 (3 rd Cir. 1997), *cert. denied*, 522 U.S. 1110, 118 S.Ct.

1039, 140 L.Ed.2d 105 (1998).

victim under 16 years of age). Therefore, the *Williams'* decision is not controlling.

¶ 18 With respect to placing the burden on the defendant to prove that he is not a high risk dangerous offender, § 9714 is not unlike other sentencing statutes which place the burden upon defendants to present factors to mitigate their sentences, a process which our Supreme Court has found to be constitutional. *See Commonwealth v. Zettlemoyer,* 500 Pa. 16, 66, 454 A.2d 937, 963 (1982), *cert. denied,* 461 U.S. 970, 103 S.Ct. 2444, 77 L.Ed.2d 1327 (1983), *rehearing denied,* 463 U.S. 1236, 104 S.Ct. 31, 77 L.Ed.2d 1452 (1983) (capital sentencing scheme which requires the accused to prove, by a preponderance of the evidence, any mitigating circumstances that might convince a jury that the sentence should nevertheless be set at life imprisonment, is not offensive to due process). States have traditionally enjoyed wide latitude when it comes to allocating to defendants the burden of proving mitigating and exculpatory facts, such as affirmative defenses and mitigating sentencing factors. *Patterson v. New York,* 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977). In *Patterson,* the Supreme Court held that states remain free to allocate burdens of proof in the criminal law "unless [the allocation] offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Id.* at 202, 97 S.Ct. 2319 (quoting *Speiser v. Randall,* 357 U.S. 513, 523, 78 S.Ct. 1332, 2 L.Ed.2d 1460 (1958)) (internal quotation marks omitted). *See* John Calvin Jeffries, Jr. & Paul B. Stephan III, Defenses, Presumptions, and Burden of Proof in the Criminal Law, 88 Yale L.J. 1325, 1345 (1979) (stating "Legislative competence to abolish a defense altogether should include *a fortiori* the power to shift to the defendant the burden of establishing its existence.").

¶ 19 A similar challenge to the burden shifting scheme under the federal three strikes statute, 18 U.S.C. § 3559(c), which requires the defendant to establish by clear and convincing evidence that his prior convictions are non-qualifying felonies, was presented in *United States v. Smith,* 208 F.3d 1187 (10 th Cir.2000). In rejecting the claim, Circuit Judge Tacha reiterated Supreme Court precedent recognizing "that sentencing and trial are distinct judicial phases in which different processes are due." *Id.* at 1189. He further opined:

In *Parke,* the Supreme Court held that Kentucky's persistent felony offender sentencing statute, a burden-shifting rule similar to § 3559(c)(1)(A), "easily passes constitutional muster." 506 U.S. [20] at 28, 113 S.Ct. 517[, 121 L.Ed.2d 391]. Kentucky's law provided mandatory minimum sentences for repeat felons. *Id.* at 22, 506 U.S. 20, 113 S.Ct. 517[, 121 L.Ed.2d 391]. Under the statute, defendants could challenge their prior convictions, *id.,* but bore the ultimate burden of proving those convictions invalid, *id.* at 31, 113 S.Ct. 517[, 121 L.Ed.2d 391]. The Court held that 'even when a collateral attack on a final conviction rests on constitutional grounds, the presumption of regularity that attaches to final judgments makes it appropriate to assign a proof burden to the defendant.' *Id.*

Furthermore, it is clear that the legislative branch may constitutionally allocate the burden of proving an affirmative defense to the defendant. *Patterson v. New York,* 432 U.S. 197, 207–08, 210, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977). 'If *Patterson* allows such a result even at the stage of the trial where guilt or innocence is decided, it follows that due process does not prohibit the kind of affirmative defense at the sentencing stage found in § 3559(c)(3)(A).' *Wicks,* 132 F.3d [383] at 389 (rejecting a due process challenge to the three strikes law). Under *Parke, Patterson* and *Wicks,* we hold that the burden shifting scheme found in § 3559(c)(3)(A) does not violate due process.

*Smith*, at 1190. We likewise conclude the burden shifting under § 9714 is not fundamentally unfair and therefore does not violate due process.

¶ 20 Since we have addressed the merits of Appellant's constitutional challenge, his claim of trial counsel's ineffectiveness for failing to raise this issue is now moot, and therefore will not be addressed. Moreover, "[c]ounsel cannot be considered ineffective for failing to raise a claim that is without merit." *Commonwealth v. Carpenter*, 555 Pa. 434, 449, 725 A.2d 154, 161 (1999).

¶ 21 Judgment of sentence affirmed.