**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 4 2000**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

TONY SMITH,

  Defendant - Appellant.

No. 98-1188

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D. Ct. No. 96-CR-498-3-N)**

---

Jeffrey R. Edelman, Jeffrey R. Edelman, P.C., Denver, Colorado, appearing for Defendant-Appellant.

Martha A. Paluch, Assistant United States Attorney (Thomas R. Strickland, United States Attorney, and Kenneth R. Buck, Assistant United States Attorney, on the brief), Denver, Colorado, appearing for Plaintiff-Appellee.

---

Before **TACHA**, **HOLLOWAY**, and **BRORBY**, Circuit Judges.

---

**TACHA**, Circuit Judge.

Defendant Tony Smith appeals his sentence of life imprisonment and challenges the constitutionality of 18 U.S.C. § 3559(c), the federal "three strikes"

statute.  We exercise jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and affirm.

## I.

A federal grand jury indicted defendant on, inter alia, one count of aggravated bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d).  The government filed an information and asked the court to consider defendant's prior violent felony convictions at sentencing if he was convicted of bank robbery.  Defendant's criminal record included two prior convictions under § 2113 and two prior state robbery convictions.

A jury found defendant guilty of all charges.  At defendant's sentencing hearing, the government presented documentary and testimonial evidence regarding three of defendant's prior convictions.  Defendant moved for a continuance to gather his own evidence, and the court granted the motion.  At a renewed hearing several months later, defendant produced the affidavit of a former co-defendant stating that defendant was not present during the crime underlying one of his prior convictions.  Defendant contested his other prior convictions, but did not offer any evidence disputing them.  The court found the affidavit unpersuasive and sentenced defendant to life imprisonment pursuant to 18 U.S.C. § 3559(c).

II.

"We review de novo a sentence enhancement imposed pursuant to section 3559(c)." United States v. Romero, 122 F.3d 1334, 1342 (10th Cir. 1997). We review challenges to the constitutionality of a statute under the same standard. United States v. Hampshire, 95 F.3d 999, 1001 (10th Cir. 1996).

Under § 3559(c), a district court must sentence a defendant to life imprisonment if he or she (1) is convicted in federal court of a "serious violent felony" and (2) has been convicted on separate prior occasions of two or more serious violent felonies in federal or state court. 18 U.S.C. § 3559(c)(1)(A). Robbery, as defined in 18 U.S.C. § 2113, generally qualifies as a serious violent felony. 18 U.S.C. § 3559(c)(2)(F)(i). However, § 3559 treats robbery as a non-qualifying felony

> if the defendant establishes by clear and convincing evidence that–
> (i) no firearm or other dangerous weapon was used in the offense and no threat of use of a firearm or other dangerous weapon was involved in the offense; and
> (ii) the offense did not result in death or serious bodily injury . . . to any person.

Id. § 3559(c)(3)(A).

In this case, the district court sentenced defendant to life in prison under § 3559 based on his instant bank robbery conviction and his prior violent felony convictions. On appeal, defendant contends that § 3559(c)(2)(F) violates his right to due process by failing to place an adequate burden of proof upon the

government.[1]  He also contends that § 3559(c)(3)(A) violates due process because it requires him to establish by clear and convincing evidence that his prior convictions are non-qualifying felonies.

A.

Defendant maintains that the government should be required to establish his prior convictions beyond a reasonable doubt.  That contention is foreclosed by our decision in United States v. Oberle, 136 F.3d 1414 (10th Cir.), cert. denied, 119 S. Ct. 197 (1998).  In Oberle, we expressly declined to hold the government to such a high standard of proof under § 3559(c).  Id. at 1424.  Instead, we held that the government satisfied its burden when it introduced certified copies of the defendant's four previous convictions and the defendant offered no contradictory proof.  Id.  Here, the government introduced documentary and testimonial evidence of three of defendant's prior convictions.  Thus, the government fulfilled its burden under § 3559(c) of proving that defendant had at least two prior serious violent felony convictions.

Defendant correctly observes that a heightened burden of proof might be appropriate in cases of extraordinary upward adjustments in sentences.  See United States v. Watts, 519 U.S. 148, 156 (1997) ("acknowledg[ing] a divergence of opinion among the Circuits as to whether, in extreme circumstances, relevant

_____

[1]The statute does not specify a burden of proof.

conduct that would dramatically increase the sentence must be based on clear and convincing evidence"). At the time of his sentencing, defendant was 42 years old and would have been subject to a sentencing range of approximately 27 to 32 years even without his three strikes enhancement. The enhancement therefore was not substantial enough to qualify as dramatic or extreme. See United States v. Segien, 114 F.3d 1014, 1019-20 (10th Cir. 1997) (upholding a three-fold sentencing enhancement and cataloging cases in which sentences were greatly enhanced after prior offenses were proved by a preponderance of the evidence); United States v. Washington, 11 F.3d 1510, 1516 (10th Cir. 1993) (upholding application of the preponderance standard in the enhancement of a sentence from twenty years to consecutive forty-year terms).

B.

Defendant also contends that § 3559(c)(3)(A) violates due process by shifting to him the burden of proving, by clear and convincing evidence, that he qualifies for exemption from the three strikes sentencing enhancement. He argues first that the statute's burden-shifting scheme itself is unconstitutional. Second, he claims that the burden of proof demanded by § 3559(c)(3)(A) is too high.

Section 3559(c) is a sentencing enhancement statute. Oberle, 136 F.3d at 1424. The Supreme Court has recognized that sentencing and trial are distinct judicial phases in which different processes are due. See Watts, 519 U.S. at 155

(noting that different standards of proof govern at trial and sentencing); Nichols v. United States, 511 U.S. 738, 747 (1994) (recognizing that the sentencing process is "less exacting than the process of establishing guilt"). Thus, due process requires only that a court sentence defendant in proceedings that are fundamentally fair. See Parke v. Raley, 506 U.S. 20, 34 (1992) (concluding that a burden-shifting sentencing statute was not fundamentally unfair and therefore did not violate due process); United States v. Wicks, 132 F.3d 383, 388 (7th Cir. 1997) ("[T]he [D]ue [P]rocess [C]lause requires only that [sentencing] proceedings be fundamentally fair . . . .").

In Parke, the Supreme Court held that Kentucky's persistent felony offender sentencing statute, a burden-shifting rule similar to § 3559(c)(1)(A), "easily passes constitutional muster." 506 U.S. at 28. Kentucky's law provided mandatory minimum sentences for repeat felons. Id. at 22. Under the statute, defendants could challenge their prior convictions, id., but bore the ultimate burden of proving those convictions invalid, id. at 31. The Court held that "even when a collateral attack on a final conviction rests on constitutional grounds, the presumption of regularity that attaches to final judgments makes it appropriate to assign a proof burden to the defendant." Id.

Furthermore, it is clear that the legislative branch may constitutionally allocate the burden of proving an affirmative defense to the defendant. Patterson

-6-

v. New York, 432 U.S. 197, 207-08, 210 (1977). "If Patterson allows such a result even at the stage of the trial where guilt or innocence is decided, it follows that due process does not prohibit the kind of affirmative defense at the sentencing stage found in § 3559(c)(3)(A)." Wicks, 132 F.3d at 389 (rejecting a due process challenge to the three strikes law). Under Parke, Patterson and Wicks, we hold that the burden shifting scheme found in § 3559(c)(3)(A) does not violate due process.

We need not reach defendant's challenge to the weight of § 3559(c)(3)(A)'s proof burden. Under any standard of proof, defendant cannot establish that he is exempt from the three strikes enhancement. The government introduced evidence of three prior convictions. Defendant produced evidence which, if believed, would call into question only one of these prior convictions.[2] Thus, defendant had three strikes even if the district court did not count the contested conviction. In light of this, we will not proceed further. United States v. Kaluna, 192 F.3d 1188, 1196-98 (9th Cir. 1999) (en banc) (declining to reach the defendant's challenge to the burden of proof demanded by § 3559(c)(3)(A) because the defendant would lose under any standard of proof), cert. denied, ___ S. Ct. ___

---

[2]With respect to his other convictions, defendant did no more than challenge the sufficiency of the government's evidence. For purposes of § 3559(c)(3)(A), he therefore failed to carry even the minimal burden of production upheld in Parke. See 506 U.S. at 32-33.

-7-

(Apr. 3, 2000).

Appellant's third motion to supplement the record and to withdraw the second motion to supplement the record is granted.

AFFIRMED.