FILED
United States Court of Appeals
Tenth Circuit

August 18, 2008

Elisabeth A. Shumaker
Clerk of Court

<u>PUBLISH</u>

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.                                                          No. 07-2145

JOHN NORBERT CONTRERAS,

Defendant-Appellant.

**Appeal from the United States District Court
for the District of New Mexico
(D.C. No. 05-CR-01150-MCA)**

Todd Hotchkiss, Frechette & Associates, P.C., Albuquerque, NM, for Defendant -
Appellant

Laura A. Fashing, Assistant United States Attorney, (Larry Gomez, Acting United
States Attorney, and Robert D. Kimball, Assistant United States Attorney,
Albuquerque, New Mexico, with her on the brief) Albuquerque, New Mexico, for
Plaintiff-Appellee.

Before **HARTZ, EBEL,** and **TYMKOVICH**, Circuit Judges.

**EBEL**, Circuit Judge.

Defendant-Appellant John Norbert Contreras appeals his bank robbery conviction and life sentence pursuant to 18 U.S.C. §§ 2113(a) & 3559(c), respectively. Contreras raises three issues. First, he contends that the district court wrongly admitted his probation officer's testimony—which identified Contreras as the robber from surveillance footage—because this opinion testimony was not helpful to the jury and therefore violated Rule 701 of the Federal Rules of Evidence. Second, he argues that the officer's testimony violated Rule 403 and the Sixth Amendment because he could not effectively cross-examine the officer. Third, Contreras asserts that the burden-shifting provision of 18 U.S.C. § 3559(c) violates the Due Process Clause.

We find these arguments unconvincing. The probation officer's testimony was helpful to the jury and thus complied with Rule 701 because she identified Contreras based on her prior familiarity with his appearance. Her testimony also complied with Rule 403 and the Sixth Amendment because Contreras had wide latitude to cross-examine the officer as he saw fit. We also reject Contreras's sentencing argument because our precedent squarely forecloses it. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we therefore AFFIRM.

## I.

On April 25, 2005, a man robbed an Albuquerque, New Mexico branch of Bank of America. The robber showed a teller a note, which demanded money and

threatened her with harm if she did not comply. In response, the teller gave the robber currency totaling $ 1,852. After the robbery, the Albuquerque Police Department and the FBI found no physical evidence indicating the robber's identity. The only evidence of the robber's identity consisted of the bank's surveillance video and the teller's description.

After the robbery, Bank of America circulated flyers with pictures of the robber from the surveillance video footage. New Mexico Probation and Parole Officer Dara Ferguson received a copy of the flyer and recognized Contreras in the photographs. Based on Ferguson's tip, the FBI prepared a photo lineup and the teller identified Contreras as the robber. The FBI then interviewed Contreras, and he was subsequently arrested and charged with bank robbery.

The robber's identity was the only disputed issue at trial. The Government sought to call Ferguson as a witness, but Contreras objected and claimed that her testimony would violate Rules 701 and 403 of the Federal Rules of Evidence. The district court initially ruled that Ferguson could testify, but required the Government to limit its direct examination to exclude details of Ferguson's role as Contreras's probation officer. The district court based this ruling largely on the fact that any prejudice from this identification testimony would be minimized because the Government planned to introduce evidence of the robbery conviction leading to Contreras's probation and relationship with Ferguson. Prior to trial, however, the Government elected not to present evidence of this prior conviction.

The court, therefore, returned to the issue at a pretrial hearing, and Contreras expressed concern that he could not effectively cross-examine Ferguson because of his apprehension that his relationship with Ferguson—as his probation officer—would come to light and prejudice the jury. The court agreed that this dilemma was a source of concern and reserved judgment on Ferguson's testimony

At trial, the Government called the teller to identify Contreras. During cross-examination, Contreras asked the teller several probing questions, which revealed weaknesses with her identification of Contreras as the robber. In light of the defendant's successful impeachment of the teller's testimony, the district court determined that Ferguson's testimony would be probative. To reach this decision, the court relied on the fact that Contreras could still cross-examine Ferguson about her identification of Contreras without running a substantial risk of revealing the prejudicial information regarding the nature of the relationship between Contreras and Ferguson. After Ferguson's direct testimony, however, Contreras declined the opportunity to cross-examine Ferguson. The jury reached a guilty verdict and the court sentenced Contreras to life in prison pursuant to 18 U.S.C. § 3559(c). Contreras now appeals both the court's evidentiary determination and the life sentence the court imposed.

## II.

We review a district court's determination regarding the admissibility of evidence under an abuse of discretion standard. United States v. Bush, 405 F.3d

909, 915 (10th Cir. 2005). Thus, "[w]e will not disturb an evidentiary ruling absent a distinct showing that it was based on a clearly erroneous finding of fact or an erroneous conclusion of law or manifests a clear error in judgment." Id. (quotation marks omitted) (quoting United States v. Jenkins, 313 F.3d 549, 559 (10th Cir. 2002)).

## A.

Rule 701 of the Federal Rules of Evidence contains three requirements for lay witness opinion testimony. First, the testimony must be "rationally based on the perception of the witness." Fed. R. Evid. 701. Second, the testimony must be "helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." Id. Third, the testimony must not be "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Id. Contreras contends that Ferguson's testimony violated the second requirement of Rule 701 because the jury could review the surveillance footage and determine for themselves, based on Contreras's presence in the courtroom, whether he was the bank robber.

We disagree. Ferguson's familiarity with Contreras offered the jury a more sophisticated identification than they could make on their own. She had repeated interactions with Contreras, and thus could identify him based on many factors that would not be apparent to a jury viewing the defendant only in a courtroom

setting. Accordingly, the district court did not abuse its discretion by concluding that Ferguson's testimony complied with Rule 701.

A witness's identification testimony satisfies Rule 701's second requirement if "there is some basis for concluding that the witness is more likely to correctly identify the defendant from the photograph than is the jury . . . . " United States v. Allen, 787 F.2d 933, 936 (4th Cir. 1986), vacated on other grounds, 479 U.S. 1077 (1987) (quotation marks omitted) (quoting United States v. Farnsworth, 729 F.2d 1158, 1160 (8th Cir. 1984)). The witness's prior familiarity with the defendant's appearance is the most critical factor to determine if such a basis exists. Id.; see also United States v. Beck, 418 F.3d 1008, 1014 (9th Cir. 2005); United States v. Pierce, 136 F.3d 770, 774 (11th Cir. 1998); United States v. Stormer, 938 F.2d 759, 762 (7th Cir. 1991); United States v. Ingram, 600 F.2d 260, 261 (10th Cir. 1979). As the Fourth Circuit recognized in Allen,

> testimony by those who knew defendants over a period of time and in a variety of circumstances offers to the jury a perspective it could not acquire in its limited exposure to defendants. Human features develop in the mind's eye over time. These witnesses had interacted with defendants in a way the jury could not, and in natural settings that gave them a greater appreciation of defendants' normal appearance. Thus, their testimony provided the jury with the opinion of those whose exposure was not limited to three days in a sterile courtroom setting.

Allen, 787 F.2d at 936.

Contreras argues that Ferguson's opinion testimony would only be admissible if he had changed his appearance during the time between the robbery and trial. Although a change in appearance is one factor we take into account to determine if opinion identification testimony would be helpful to a jury, see United States v. Borrelli, 621 F.2d 1092, 1095 (10th Cir. 1980), it is not a necessary factor. See Allen, 787 F.2d at 936 ("We disagree with appellants' suggestion that identification testimony by lay witnesses should be considered helpful only when a defendant's appearance has changed between the crime and trial . . . we see no reason to make evidence of changed appearance a prerequisite to the use of identification testimony.").

Here, Ferguson's prior familiarity with Contreras made her identification helpful. She met with Contreras for between five and ten minutes on multiple occasions. These meetings gave Ferguson the opportunity to develop a more sophisticated mental picture of Contreras's appearance outside the sterile, one-dimensional atmosphere of the courtroom. Therefore, her identification was helpful to the jury because she had a "greater appreciation of [Contreras's] normal appearance." Id. Accordingly, the district court did not abuse its discretion by concluding that the testimony complied with Rule 701.

**B.**

Under Rule 403, a district court may exclude evidence "if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." Fed. R.

Evid. 403. Contreras contends that any probative value of Ferguson's testimony was substantially outweighed by the unfair prejudice created because he could not effectively cross-examine Ferguson. In support of his argument, Contreras cites United States v. Calhoun, 544 F.2d 291 (6th Cir. 1976). The district court in Calhoun overruled the defendant's objection to identification testimony from his parole officer. Id. at 293. On appeal, the Sixth Circuit held that the parole officer's identification testimony was unfairly prejudicial, and thus should be excluded pursuant to Rule 403, because the relationship between the defendant and the officer prevented the defendant from freely cross-examining the officer. See id. at 295 ("[T]he main defect in permitting [the officer] to testify was that his broad assertion could not be tempered or probed by cross-examination. . . . The defendant could not freely examine the relationship with [the officer] on which [the officer's] perception was founded.").

Calhoun notwithstanding, we conclude that the district court did not abuse its discretion by admitting Ferguson's testimony because the testimony was not unfairly prejudicial. As an initial matter, we conclude that in light of her past experiences with Contreras, Ferguson's identification offered probative evidence regarding the identity of the robber in the surveillance footage.

Turning to the other side of Rule 403's balancing test, we disagree with Calhoun and conclude that Ferguson's testimony was not unfairly prejudicial because Contreras could freely cross-examine Ferguson. Contreras could have

limited the scope of his cross-examination to exclude details of the nature of their relationship and focus solely on questions regarding whether Ferguson's past interactions with Contreras adequately enabled her to identify him from the surveillance photographs. Contreras also could have elected to fully cross-examine Ferguson without concern about testimony regarding her role as Contreras's probation officer.[1] Instead, Contreras elected, as a tactical matter, to decline to cross-examine Ferguson. We cannot conclude that this tactical decision resulted in unfair prejudice. See Allen, 787 F.2d at 937 ("Limitation of cross-examination was thus the result of a tactical choice by defendants similar to those frequently faced at trial. Nothing in the Rules of Evidence or any other source is intended to relieve criminal defendants from difficult strategic decisions. . . . Defendants chose to limit cross-examination, and we see no reason to insulate them from the natural consequences of that choice."); see also Farnsworth, 729 F.2d at 1161 (rejecting the per se rule of Calhoun). Therefore, because Ferguson's testimony offered probative evidence and was not unfairly prejudicial, we conclude that the district court did not abuse its discretion by allowing Ferguson to testify.

---

[1] We note that there was other evidence in the record that Contreras had another bank robbery conviction, although Ferguson's relationship as Contreras's probation officer was not related to that prior conviction.

## C.

Contreras also contends that because he could not effectively cross-examine Ferguson, her testimony violated his Sixth Amendment right to confront the witnesses the government presented against him. We review de novo whether restrictions on cross-examination violate the Sixth Amendment. United States v. Geames, 427 F.3d 1333, 1337 (10th Cir. 2005). Although the Sixth Amendment requires that a defendant "be afforded the opportunity to confront and cross-examine his opponent witnesses," id., the Amendment does not require "cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986) (quotation marks omitted) (quoting Delaware v. Fensterer, 474 U.S. 15, 20 (1985) (per curiam)). Thus, "the right to confront one's accusers is satisfied if defense counsel receives wide latitude at trial to question witnesses." Pennsylvania v. Ritchie, 480 U.S. 39, 53 (1987).

In the instant case, Contreras received the widest possible latitude to cross-examine Ferguson. Although the district court instructed the Government to avoid eliciting any testimony that would reveal Ferguson's role as Contreras's probation officer, the court placed no restrictions on Contreras. Therefore, Ferguson's testimony did not violate the Sixth Amendment because Contreras received the required opportunity to cross-examine Ferguson. The fact that he elected not to carry out such a cross-examination does not alter this result. See

United States v. Helmstetter, 479 F.3d 750, 755 (10th Cir. 2007) (concluding that a defendant's Sixth Amendment rights were not violated because the district court did not restrict cross-examination of a witness in any way); see also United States v. Pace, 10 F.3d 1106, 1114 (5th Cir. 1993) (holding that the testimony of a probation officer did not violate the defendant's Sixth Amendment rights because "the trial court did not impose restrictions on appellant's cross-examination of [his probation officer] in violation of the Sixth Amendment. . . . The trial court submitted the witness to appellant for open cross-examination; the appellant voluntarily declined the offer."); Farnsworth, 729 F.2d at 1162 (holding that a defendant's voluntary choice to restrict cross-examination of two parole officers did not present a Sixth Amendment violation).

**III.**

Contreras also challenges the mandatory life sentence the district court imposed. He contends that 18 U.S.C. § 3559(c) violates the Due Process Clause of the Fifth Amendment by assigning the burden of proof for mitigating circumstances to the defendant. 18 U.S.C. § 3559(c)[2] imposes a mandatory life

[2] 18 U.S.C. § 3559(c)(1) states:
Notwithstanding any other provision of law, a person who is convicted in a court of the United States of a serious violent felony shall be sentenced to life imprisonment if--

(A) the person has been convicted (and those convictions have become final) on separate prior occasions in a court of the United States or of a State of--

(continued...)

- 11 -

sentence for any person convicted of a serious violent felony with two prior convictions for serious violent felonies.[3]  The statutory scheme also provides a safety valve, whereby a defendant can demonstrate that a prior conviction should not count as a serious violent felony because of mitigating factors.[4]  The statutory scheme explicitly assigns the burden of proving the mitigating factors to the

[2](...continued)
(i) 2 or more serious violent felonies.

[3] Section 3559(c)(2)(F)(i) defines "serious violent felony" as:
a Federal or State offense, by whatever designation and wherever committed, consisting of murder (as described in section 1111); manslaughter other than involuntary manslaughter (as described in section 1112); assault with intent to commit murder (as described in section 113(a)); assault with intent to commit rape; aggravated sexual abuse and sexual abuse (as described in sections 2241 and 2242); abusive sexual contact (as described in sections 2244(a)(1) and (a)(2)); kidnapping; aircraft piracy (as described in section 46502 of Title 49); robbery (as described in section 2111, 2113, or 2118); carjacking (as described in section 2119); extortion; arson; firearms use; firearms possession (as described in section 924(c)); or attempt, conspiracy, or solicitation to commit any of the above offenses . . . .

[4] 18 U.S.C. § 3559(c)(3)(A) states:
Robbery, an attempt, conspiracy, or solicitation to commit robbery; or an offense described in paragraph (2)(F)(ii) shall not serve as a basis for sentencing under this subsection if the defendant establishes by clear and convincing evidence that--

    (i) no firearm or other dangerous weapon was used in the offense and no threat of use of a firearm or other dangerous weapon was involved in the offense; and

    (ii) the offense did not result in death or serious bodily injury (as defined in section 1365) to any person.

defendant. Specifically, robbery is not to be convicted under this enhancement provision if the defendant establishes by clear and convincing evidence that no firearm or other dangerous weapon was used or threatened in the offense and the offense did not result in death or serious bodily injury. See 18 U.S.C. § 3559(c)(3)(A).

We have held that the burden allocation provision in § 3559(c)(3)(A) does not violate the Due Process Clause. United States v. Smith, 208 F.3d 1187, 1190 (10th Cir. 2000). We first determined that it was constitutionally permissible for a legislature to assign the burden of proof for an affirmative defense to the defendant. Id. (citing Patterson v. New York, 432 U.S. 197, 207–08, 210 (1977)). We therefore concluded that "[i]f Patterson allows such a result even at the stage of a trial where guilt or innocence is decided, it follows that due process does not prohibit the kind of affirmative defense . . . found in § 3559(c)(3)(A)." Id. (quoting U.S. v. Wicks, 132 F.3d 383, 389 (7th Cir. 1997)).

Although we decided Smith before the Supreme Court handed down its decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), Apprendi does not alter the "principle that while the prosecution must indeed prove all the elements of the offense charged beyond a reasonable doubt, the legislation creating the offense can place the burden of proving affirmative defenses on the defendant . . . ." United States v. Brown, 276 F.3d 930, 932 (7th Cir. 2002) (citation omitted). Accordingly, we continue to apply the same logic to due process challenges to the

burden-shifting provision of § 3559(c)(3)(A) after <u>Apprendi</u>.  <u>See</u> <u>United States v. Cooper</u>, 375 F.3d 1041, 1052 n.3 (10th Cir. 2004) (holding that <u>Apprendi</u> did not affect sentences pursuant to § 3559(c) because the Supreme Court created a specific exception for "prior convictions"); <u>see also</u> <u>United States v. Snype</u>, 441 F.3d 119, 149–50 (2d Cir. 2006) (holding that <u>Patterson</u> continues to apply after <u>Apprendi</u>).  Therefore, we hold Contreras's due process challenge to the burden-shifting provision in § 3559(c) fails because <u>Smith</u> remains binding precedent on this court post-<u>Apprendi</u>.

## IV.

For the reasons outlined above, we AFFIRM both the district court's decision to admit Ferguson's testimony and the mandatory life sentenced imposed by the district court.