**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10390 |
| Plaintiff - Appellee, | D.C. No. 1:09-cr-00466-OWW-1 |
| v. | |
| MICHAEL MINJAREZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, Senior District Judge, Presiding

Argued and Submitted October 17, 2012
San Francisco, California

Before: B. FLETCHER,[**] HAWKINS, and MURGUIA, Circuit Judges.

Michael Minjarez ("Minjarez") was convicted in federal court of armed

credit union robbery, armed bank robbery, and bank robbery. During trial, the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Betty Binns Fletcher, Senior Circuit Judge for the Ninth Circuit Court of Appeals, fully participated in the case and concurred in the judgment prior to her death.

government called Marie Centeno, a cousin of Lisa Minjarez, Michael Minjarez's wife. Centeno testified that a car seen near the location of two of the robberies was similar to the car that she loaned Lisa Minjarez in August 2009. During cross-examination, defense counsel elicited from Centeno that she did not like Minjarez because she believed that Minjarez had caused a rift between Centeno and Lisa Minjarez. On re-direct, the prosecutor asked Centeno why the rift existed. Centeno explained that she thought Minjarez robbed Lisa Minjarez's house.

Defense counsel objected and moved to strike Centeno's response. The court granted the motion to strike and sustained the objection, admonishing the jury to disregard Centeno's reply, and to "put it out of your minds as if you had not heard it." Defense counsel moved for a mistrial, which the court denied. After Centeno completed her testimony, the court again admonished the jury to disregard Centeno's testimony about her reason for disliking Minjarez.

Denial of a motion for a mistrial is reviewed for abuse of discretion. *United States v. Allen*, 341 F.3d 870, 891 (9th Cir. 2003). There was no abuse of discretion in this case. We must assume that a jury follows any curative instruction. *United States v. Johnson*, 618 F.2d 60, 62 (9th Cir. 1980). Here, the judge immediately admonished the jury to disregard the testimony, and instructed them again several minutes later. In evaluating a curative instruction, this Court

weighs "the forcefulness of the instruction and the conviction with which it was given against the degree of prejudice generated by the evidence," and in examining prejudice, compares "the probative force of the inadmissible evidence . . . with that of the admissible evidence which supports the verdict." *Johnson*, 618 F.2d at 62 (internal citations omitted).

Centeno's short reference to her belief that Minjarez robbed a house had little "probative force" relative to the numerous eyewitnesses who observed the bank robberies, described them for the jury, and then positively identified Minjarez as the robber. The judge's admonishment was prompt, unequivocal, and repeated twice. It may be, as Minjarez asserts, impossible to "unring the bell" of hearing Centeno's testimony. But in light of the court's instructions and the great weight of the evidence against Minjarez, it is proper to assume that the jury convicted him based on the admissible evidence. *See, e.g.*, *United States v. Ramirez*, 176 F.3d 1179, 1183 (9th Cir. 1999) (upholding the denial of a mistrial when the court gave a "strong" curative instruction after the prosecutor misstated facts of the case by asserting that the defendant had previously smuggled marijuana into the United States). The district judge did not abuse his discretion in denying Minjarez a mistrial.

At the sentencing hearing, Minjarez moved to dismiss the government's information to establish prior convictions, arguing that a portion of the federal three-strikes statute, 18 U.S.C. § 3559(c)(3)(A)—which allows a defendant to prove that certain predicate felonies are non-qualifying under the statute—is contrary to the Supreme Court's holding in *Apprendi v. New Jersey* that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2002). The court denied the motion and sentenced Minjarez to life in prison.

The legality of a sentence and constitutionality of a statue are both reviewed de novo. *United States v. Kaluna*, 192 F.3d 1188, 1193 (9th Cir. 1999) (en banc) (constitutionality of a statute); *United States v. Mullins*, 992 F.2d 1472, 1478–79 (9th Cir. 1993) (legality of a sentence). It is well established in this circuit and in at least eight others that 18 U.S.C. § 3559(c)(3)(A) may constitutionally shift the burden to the defendant to prove that a prior conviction does not qualify as a predicate offense. *See Kaluna*, 192 F.3d at 1196; *United States v. Contreras*, 536 F.3d 1167, 1173–74 (10th Cir. 2008); *United States v. Snype*, 441 F.3d 119, 149–50 (2d Cir. 2006); *United States v. Bradshaw*, 281 F.3d 278, 294–95 (1st Cir. 2002); *United States v. Davis*, 260 F.3d 965, 970 (8th Cir. 2001); *United States v.*

*Gray*, 260 F.3d 1267, 1277–80 (11th Cir. 2001); *United States v. Ferguson*, 211 F.3d 878, 886–87 (5th Cir. 2000); *United States v. Gatewood*, 230 F.3d 186, 190 (6th Cir. 2000) (en banc); *United States v. Wicks*, 132 F.3d 383, 387–89 (7th Cir. 1997).

After the government introduces evidence of two qualifying prior offenses, the imposition of a life sentence is automatic; it occurs without any judicial fact-finding. *See* 18 U.S.C. § 3559(c)(1)(A) (providing that a defendant "shall" be sentenced to life in prison); *see also Snype*, 441 F.3d at 151 (observing that Congress was not required to create the exception in § 3559(c)(3)(A)); *Gray*, 260 F.3d at 1279 (same). Any subsequent judicial finding relieving the defendant of the life sentence, based on evidence proving there was no weapon or bodily injury involved in his prior offense, decreases, not increases, the penalty faced by the defendant. This does not offend *Apprendi*. *See Apprendi*, 530 U.S. at 490.[1]

**AFFIRMED**.

---

[1]Although Minjarez argues that our precedential decision, *Kaluna*, predates *Apprendi*, he does not offer a compelling reason that this matters. *Kaluna*, like many of our sister circuits' opinions postdating *Apprendi*, relied on *Patterson v. New York*, 432 U.S. 197 (1977). *Patterson* held that placing the burden on a defendant to establish an affirmative defense did not violate due process. *Kaluna*, 192 F.3d at 1196. *Apprendi* did not abrogate the central holding of *Patterson*. *See Apprendi*, 530 U.S. at 490; *Contreras*, 536 F.3d at 1174; *Snype*, 441 F.3d at 150.