**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 17, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DEANDRE ANTONIO HOPKINS,
a/k/a Wet, a/k/a C-Wet, a/k/a Sman,

    Defendant-Appellant.

No. 12-5155

(D.C. No. 4: 12-CR-00044-CVE-1)
(N. D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE,** Chief Judge, **ANDERSON** and **BALDOCK**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

Deandre Antonio Hopkins appeals his conviction of robbery involving a

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

controlled substance in violation of 18 U.S.C. § 2118(a), (c)(1).  In this direct appeal, Hopkins asserts that the district court erred by admitting the testimony of a Federal Bureau of Investigation (FBI) agent who identified Hopkins as one of the robbers from a surveillance video of the robbery.  Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

# I

On May 7, 2010, four armed and masked men robbed T. Roy Barnes Pharmacy in Tulsa, Oklahoma.  The robbers stole drugs, money, and a Ford Explorer belonging to the pharmacist, Susan Greek, which the robbers used as a getaway car.  Police discovered the Ford Explorer abandoned near the pharmacy later that day.  After police returned her Ford Explorer, Ms. Greek discovered in the back of her car a bag containing shirt-sleeve masks[1] similar to those worn by the robbers.  Ms. Greek surrendered this evidence to the police.

During the jury trial, FBI agent Charles Jones identified Hopkins as one of the four robbers.  Agent Jones testified that he had viewed the surveillance video several times, frame-by-frame, and enlarged the images from the video.  Based only on his observations from watching the surveillance video, Agent Jones identified Hopkins as one of the robbers.  Because the robbers' faces were

---

[1] The pharmacist and pharmacy technician testified that the robbers wore "handkerchief[s]" and pieces of cloth over their faces as masks.  R. Vol. II, at 26, 33, 42, 63.  The torn shirt sleeves found in the Ford Explorer were believed to be the masks worn by the robbers.  Id. at 102-03.

obstructed by masks, Agent Jones based his identification on Hopkins's similar "complexion," height, and weight to one of the robbers.[2]  R. Vol. II, at 133-34.  In addition to Agent Jones's testimony, the operations manager for the Tulsa County Police Department forensic lab testified that a major contributor to DNA found on one of the masks discovered in the Ford Explorer matched Hopkins's DNA.

Included in the evidence considered by the jury was the surveillance video, which they viewed twice:  once during trial and again during deliberations.  The jury found Hopkins guilty on one of count of robbery involving a controlled substance, in violation of 18 U.S.C. § 2118(a), (c)(1), and acquitted Hopkins on one of count of brandishing a gun during a crime of violence, in violation of 18 U.S.C. § 924(c).  The district court sentenced Hopkins to 144 months' imprisonment and five years of supervised release.

On appeal, Hopkins argues that the district court erroneously admitted Agent Jones's identification testimony.  Specifically, Hopkins argues Agent Jones had no prior interactions with Hopkins and, therefore, his testimony is unreliable and would not aid the trier of fact in identifying Hopkins from the surveillance video.  See Fed. R. Evid. 701; cf. United States v. Contreras, 536 F.3d 1167, 1170 (10th Cir. 2008) (concluding that district court did not abuse its discretion by

_____

[2]  "Complexion" in this context appears to mean the skin tone of the exposed robbers' faces because the robbers were "pretty much covered head to toe, gloves, mask, eyewear, everything."  R. Vol. II, at 26, 33.

3

admitting probation officer's identification of the defendant from a robbery surveillance video because she had previous interactions with the defendant and "offered the jury a more sophisticated identification than they could make on their own").

## II

Generally, we review a district court's admission of evidence for abuse of discretion. See Contreras, 536 F.3d at 1169. However, Hopkins concedes that he did not object to the district court's admission of Agent Jones's identification testimony or the surveillance video. Accordingly, we review the district court's admission of this testimony for plain error. "Under the plain error standard, we may reverse only if a defendant demonstrates (1) error (2) that is plain, (3) that prejudices his substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Mendiola, 696 F.3d 1033, 1036 (10th Cir. 2012) (quotation omitted). Because Hopkins has not satisfied the third prong of plain error, we conclude the claimed error does not provide any grounds for reversal. See United States v. Gantt, 679 F.3d 1240, 1246 (10th Cir. 2012) ("Because all four requirements must be met, the failure of any one will foreclose relief and the others need not be addressed.").

## III

To satisfy the third prong of plain error, Hopkins must show "a reasonable probability that, but for the error claimed, the result of the proceeding would have

4

been different." United States v. Gonzalez-Huerta, 403 F.3d 727, 733 (10th Cir. 2005) (en banc) (quotation omitted). As his sole argument that the third prong of plain error is satisfied, Hopkins states that "it [cannot] be reasonably argued that [Agent Jones's testimony] did not affect [his] substantial rights, as the only issue before [the] jury was whether [Hopkins] was one of the robbers at the pharmacy." Aplt. Reply Br. at 2. Hopkins neither discusses the other evidence linking him to the robbery, nor does he even allege that the outcome of the proceedings would have been different had Agent Jones not testified. Even if we were to exclude Agent Jones's testimony, there remains DNA evidence connecting Hopkins to one of the masks found in Ms. Greek's Ford Explorer shortly after the robbery. Even if we assume the district court erred in admitting Agent Jones's identification testimony, Hopkins has not shown a reasonable probability that the result of his trial would have been different without that testimony. Accordingly, he has not overcome the high bar of plain error review. See Puckett v. United States, 556 U.S. 129, 136 (2009) ("Meeting all four prongs [of plain error] is difficult, as it should be." (quotation omitted)).

IV

For the foregoing reasons, we AFFIRM.

Entered for the Court

Mary Beck Briscoe
Chief Judge

5