**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 8, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOHN NORBERT CONTRERAS,

    Defendant - Appellant.

No. 16-2217
(D.C. Nos. 1:16-CV-00703-MCA-CG
and 1:05-CR-01150-MCA-1)
(D. N.M.)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]

Before **PHILLIPS**, **McKAY,** and **McHUGH**, Circuit Judges.

John Norbert Contreras, through counsel, appeals the district court's order denying

his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Exercising

jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we deny Mr. Contreras's application

for a certificate of appealability (COA).

**BACKGROUND**

On May 25, 2005, Mr. Contreras was indicted for bank robbery in violation of 18

U.S.C. § 2113(a). He was convicted by a jury on that charge on August 17, 2006. Before

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule Appellate Procedure 32.1 and 10th Circuit Rule 32.1.

sentencing, the United States gave notice that Mr. Contreras is eligible for imposition of a mandatory life sentence under 18 U.S.C. § 3559(c)'s enhanced penalty provisions because he has a total of at least three separate robbery convictions. Section 3559(c)(1), also known as the federal "three strikes" statute, provides:

> (1) Mandatory life imprisonment.—Notwithstanding any other provision of law, a person who is convicted in a court of the United States of a serious violent felony shall be sentenced to life imprisonment if—
>
> (A) the person has been convicted (and those convictions have become final) on separate prior occasions in a court of the United States or of a State of—
>
>> (i) 2 or more serious violent felonies; or
>>
>> (ii) one or more serious violent felonies and one or more serious drug offenses; and
>
> (B) each serious violent felony or serious drug offense used as a basis for sentencing under this subsection, other than the first, was committed after the defendant's conviction of the preceding serious violent felony or serious drug offense.

The statute defines the term "serious violent felony" as:

> (i) [A] Federal or State offense, by whatever designation and wherever committed, consisting of . . . robbery (as described in section 2111, 2113, or 2118) . . . or attempt, conspiracy, or solicitation to commit any of the above offenses [enumerated-offenses clause]; and
>
> (ii) any other offense punishable by a maximum term of imprisonment of 10 years or more that has as an element the use, attempted use, or threatened use of physical force against the person of another [force (elements) clause] or that, by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense [residual clause].

*Id.* § 3559(c)(2)(F).

Mr. Contreras objected to the Presentence Report, arguing that two of his prior state robbery convictions did not qualify as predicate offenses under § 3559(c). The district court overruled his objections and sentenced him to life imprisonment under § 3559(c). In doing so, the court identified three predicate offenses justifying the life sentence: (1) Mr. Contreras's 1981 conviction on nine counts of armed robbery with a deadly weapon or firearm, each committed on separate occasions, in the State of New Mexico; (2) his 1999 federal conviction for bank robbery in violation of 18 U.S.C. § 2113;[1] and (3) his 2006 conviction in the underlying case for bank robbery under 18 U.S.C. § 2113. The court then ruled that Mr. Contreras's 1981 conviction qualifies as a "serious violent felony" under § 3559(c)'s enumerated-offenses and elements clauses, and that his 1999 and 2006 convictions qualify as "serious violent felonies" under the enumerated-offenses clause. Thus, the court determined as a matter of law that Mr. Contreras's robbery offenses were proper predicate offenses under § 3559(c), and found as a matter of fact that the United States had proven sufficient predicate offenses for imposition of the mandatory life sentence. The court did not rely on § 3559(c)(2)(F)'s residual clause in ruling that Mr. Contreras had the necessary three strikes justifying the life sentence. Mr. Contreras appealed his conviction and sentence, and we affirmed.

---

[1] The district court also identified as a predicate offense Mr. Contreras's 1998 conviction in New Mexico state court for robbing a Sam's Club, and concluded that the conviction qualifies as a "serious violent felony" under § 3559(c)'s enumerated-offenses clause and elements clause. As a result, the court determined that either Mr. Contreras's 1998 conviction for robbing a Sam's Club or his 1999 conviction for bank robbery could qualify as the "second strike" for purposes of imposing a mandatory life sentence under 18 U.S.C. § 3559(c).

*United States v. Contreras*, 536 F.3d 1167, 1169 (10th Cir. 2008). The Supreme Court denied certiorari review on January 12, 2009. *Contreras v. United States*, 555 U.S. 1117 (2009) (mem.).

On June 24, 2016, Mr. Contreras moved to vacate the judgment under 28 U.S.C. § 2255, arguing that his life sentence under 18 U.S.C. § 3559(c) is unconstitutional in view of the Supreme Court's June 26, 2015 decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Court struck down the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). 135 S. Ct. at 2557. The ACCA sets a mandatory minimum sentence of fifteen years for a felon with three or more prior convictions for a "serious drug offense" or a "violent felony." 18 U.S.C. § 924(e). The ACCA defines a "violent felony" as a crime punishable by more than one year in prison that falls within one or more of the following categories: (1) it "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the elements clause); (2) it "is burglary, arson, . . . extortion, [or] involves use of explosives" (the enumerated-offenses clause); or (3) it "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the residual clause). *Id.* § 924(e)(2)(B).

In *Johnson*, the Court concluded that imposing an enhanced sentence under the residual clause of the ACCA violates the Due Process Clause because the residual clause is impermissibly vague. 135 S. Ct. at 2557. The Court, however, expressly stated that its decision "does not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.* at 2563. The

4

Court later made *Johnson*'s holding retroactive to cases on collateral review in *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

In his motion, Mr. Contreras argued that the reasoning of *Johnson* striking down the ACCA's residual clause should be extended to invalidate the similar residual clause language in 18 U.S.C. § 3559(c). The district court denied Mr. Contreras's petition. The court concluded that it was unnecessary for it to determine whether to extend *Johnson* to the residual clause of § 3559(c) because Mr. Contreras's "sentence was not enhanced based on the residual clause." Indeed, "[t]he serious violent felony offenses used to sentence [Mr.] Contreras are all either the enumerated offense of robbery (as described in 18 U.S.C. §§ 2111 or 2113) or force (element) clause offenses." The court declined to issue a COA. And Mr. Contreras timely appealed.

**ANALYSIS**

A prisoner challenging a denial of a 28 U.S.C. § 2255 motion must obtain a COA as a jurisdictional prerequisite to proceed with an appeal. 28 U.S.C. § 2253(c)(1)(B). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A claim can be "debatable" even if "every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). "In reviewing the denial of a § 2255 motion, we review the district

5

court's legal rulings de novo and its findings of fact for clear error." *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001).

Mr. Contreras seeks a COA to proceed with this collateral attack of his sentence imposed under 18 U.S.C. § 3559(c), which he maintains the district court imposed in violation of his constitutional due process rights following *Johnson*. He argues that the district court erred in concluding as a matter of law that New Mexico robbery and armed robbery are "serious violent felonies" under either the enumerated- offenses or elements provisions of § 3559(c).

Mr. Contreras's claims are time barred. Ordinarily, a petitioner has only one year to file his motion from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). That window has long passed. Without referencing it, Mr. Contreras seemingly relies on § 2255(f)(3), under which the one-year period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Johnson* appears to be the "right asserted" on which Mr. Contreras relies in ostensibly maintaining that he timely filed his petition. But *Johnson* applies only to sentencing enhancements based on the residual clause. And it is clear that the district court did not rely on § 3559(c)'s residual clause in imposing the mandatory life sentence; it explicitly relied on the enumerated-offenses and elements clauses. Therefore, even if *Johnson* applies to § 3559(c)—a question we need not reach—*Johnson* does not afford Mr. Contreras the relief he here seeks. *See United States v. Taylor*, No. 16-6223, 2016 WL 7093905, at *2 (10th Cir. Dec. 6, 2016) (unpublished). Because Mr. Contreras

6

cannot rely on *Johnson*, his § 2255 motion, filed seven years after the judgment in his criminal case became final, is time barred.

## CONCLUSION

We DENY Mr. Contreras's request for a COA and DISMISS this matter.

Entered for the Court


Carolyn B. McHugh
Circuit Judge