McHUGH, Circuit Judge,
concurring in result.
I concur with the majority opinion that Mr. Snyder cannot prevail on his motion to vacate or correct his sentence. But I write separately because I depart from the majority’s “Timeliness” analysis.
First, I agree with the majority that Mr. Snyder has “asserted” a claim based on the Supreme Court’s recent decision in Johnson v. United States, — U.S. —, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). Maj. Op. at 1125-27. In my view, however, that assertion is not sufficient to afford Mr. Snyder an additional year in which to bring his petition.
Section 2255(f)(3) provides that Mr. Snyder had one year from “the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.” 28 U.S.C. § 2255(f)(3). This provision expressly requires more than an “assertion” of a right by the petitioner. Instead, to be entitled to file within one year of a Supreme Court decision: (1) the petitioner must assert the right; (2) the right asserted must have *1131 been recognized in the Supreme Court decision; (3) that recognition by the Supreme Court must be new; and (4) the newly recognized right must have been made retroactively applicable to cases on collateral review by the Supreme Court. In my view, the majority overlooks all but the first of these requirements in its interpretation of § 2255(f)(3). And by doing so, the majority interprets the statute inconsistently with Congress’s intent to limit the number of collateral-review cases before the federal courts and thereby encourage respect for the finality of convictions. See Case v. Hatch, 731 F.3d 1015, 1045 (10th Cir. 2013) (“Congress enacted AEDPA, not only to afford the appropriate respect for the finality of state court proceedings, but also with the intent to conserve judicial resources and to streamline the federal ha-beas process....”).
By focusing on only part of the language of § 2255(f)(3), the majority ignores the ways in which Congress cabined a petitioner’s ability to defeat these legislative goals. To be sure, the majority provides a well-reasoned and persuasive analysis of the term “asserts,” concluding that it requires merely that the petitioner “state positively” or “invoke or enforce a legal right.” Maj. Op. at 1126. But an assertion is only a part of what must occur before an otherwise untimely petition can be filed under § 2255(f)(3).
The statute next requires that the right asserted be “recognized by the Supreme Court.” 28 U.S.C. 2255(f)(3). The majority correctly states that we must give statutory terms “their ordinary, contemporary, common meaning, absent an indication Congress intended them to bear some different import.” Wall v. Kholi, 562 U.S. 545, 551, 131 S.Ct. 1278, 179 L.Ed.2d 252 (2011) (quoting Williams v. Taylor, 529 U.S. 420, 431, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000)). Maj. Op. at 1126. There is no contrary indication here, so we apply the common meaning of the term “recognize” used in § 2255(f)(3). To “recognize” means “to admit the fact, truth or validity of.” Recognize, Webster’s Third New International Dictionary of the English Language Unabridged (2002).
The only right the Supreme Court “admitted] the fact, truth, or validity of’ in Johnson, is the right not to be sentenced as an armed career criminal under the residual clause of the Armed Career Criminal Act (“ACCA”). Thus, to the extent a petitioner asserts any other right, I would hold that it is not a right “recognized” by Johnson. See United States v. Kundo, No. 16-4128, 2017 WL 3084628, at *3 (10th Cir. July 20, 2017) (unpublished) (holding that the petition was untimely despite the assertion of Johnson because the petitioner had not been sentenced under the ACCA); United States v. Contreras, 689 Fed.Appx. 886, 2017 WL 1857236, at *2 (10th Cir. Mar. 8, 2017) (unpublished) (holding that the petition was untimely despite the assertion of Johnson because the petitioner’s sentence was imposed under enumerated-offenses clause of 18 U.S.C. § 3559(c) (three strikes law), rather than the residual clause of the ACCA). See also Holt v. United States, 843 F.3d 720, 724 (7th Cir. 2016) (holding that although petitioner’s burglary conviction was misclassified as a crime of violence, “the argument being made was statutory rather than constitutional and did not rest on Johnson or any other retroactive rule of constitutional law”). In Douglas v. United States, the Seventh Circuit explained:
The invocation of § 2255. is problematic. Douglas treats ... [Johnson] as opening to collateral review all sentences under the Armed Career Criminal Act. Yet the *1132 Court did not hold the Act invalid; [Johnson] concerns only a part of § 924(e)(2) (B) (ii). The elements clause in § 924(e)(2)(B)(i) remains in effect, as does the burglary clause in § 924(e) (2) (B) (ii).... The district court concluded that Douglas’s prior convictions are violent felonies under the elements clause of § 924(e)(2)(B)®, so [Johnson], does not affect his situation.
858 F.3d 1069, 1070 (7th Cir. 2017). Because the United States failed to object to the defendant’s use of § 2255(f)(3), however, the Seventh Circuit gave effect to the United States’ waiver. Id.
Thus, I do not agree that any petitioner who “asserts” a Johnson claim is then entitled to challenge his career criminal status under any or all clauses of the Armed Career Criminal Act, 18 U.S.C. § 924(e). Maj. Op. at 1127-28. Instead, I would hold that the court may reject a petition asserted under Johnson as untimely where the record reveals that the petitioner is not asserting the right recognized in Johnson—the right not to be sentenced as an armed career criminal under the residual clause of the ACCA. If the petitioner is asserting any other right, including a right not to be sentenced under a different clause of the ACCA, I would hold that § 2255(f)(3) is inapplicable and the motion is untimely if not filed within one year of when the conviction became final.
Accordingly, I would not extend the Supreme Court’s decision in Johnson as far as the majority opinion would. In my view, when the sentencing court identifies the particular clause of the ACCA that justifies the enhanced sentence, the defendant must make a timely challenge to that enhancement if he believes the sentencing court’s assessment was in error. Under the plain language of § 2255(f)(3), a defendant who fails to do so cannot use the Supreme Court’s recognition of the right not to receive an enhanced sentence under a different clause of the ACCA as a vehicle to raise that challenge years later.
Although I disagree with the application of the majority opinion’s analysis of timeliness generally, I am in agreement as to the timeliness of Mr. Snyder’s petition. The sentencing court in Mr. Snyder’s case did not indicate how he qualified as a career criminal. Thus, he has asserted a right that may have been recognized by the Supreme Court in Johnson. Under these circumstances, I would allow Mr. Snyder to rely on § 2255(f)(3) and I would conclude that the petition is timely. See United States v. Winston, 850 F.3d 677, 682 (4th Cir. 2017) (“We therefore hold that when an inmate’s sentence may have been predicated on application of the now-void residual clause and, therefore, may be an unlawful sentence under the holding in Johnson II, the inmate has shown that he ‘relies on’ a new rule of constitutional law within the meaning of 28 U.S.C. § 2244(b)(2)(A).”). See also In re Chance, 831 F.3d 1335, 1340-41 (11th Cir. 2016).
I am also in agreement with the majority’s analysis concerning Mr. Snyder’s inability to prevail on the merits. Although the sentencing court did not identify the specific basis for the ACCA enhancement, the record when read in light of the “relevant background legal environment” leaves no doubt that Mr. Snyder’s ACCA enhancement was based on the sentencing court’s application of the enumerated offenses clause. Maj. Op. at 1130. That clause remains in full force and effect after Johnson.
I therefore join in the majority’s conclusion that the decision of the district court denying Mr. Snyder’s motion under 28 *1133 U.S.C. § 2255 should be affirmed. Maj. Op. at 1130.